Argued and submitted August 28, reversed in part; otherwise affirmed
October 9, 2002

# STATE OF OREGON,
*Respondent,*

*v.*

# WILLIAM TYLER SMITH,
*Appellant:*

## 9906-45981; A108485

55 P3d 553

Peter Gartlan, Chief Deputy Public Defender, argued the cause for appellant. On the brief were David E. Groom, Acting Executive Director, Office of Public Defense Services, and Beth Corbo, Deputy Public Defender.

Holly A. Vance, Assistant Attorney General, argued the cause for respondent. With her on the brief were Hardy Myers, Attorney General, and Michael D. Reynolds, Solicitor General.

Before Landau, Presiding Judge, and Deits, Chief Judge, and Brewer, Judge.

LANDAU, P. J.

**LANDAU, P. J.**

Defendant appeals a judgment of conviction for, among other things, reckless driving, ORS 811.140, based on an incident in which he was skateboarding on a public street. He argues that the trial court erred in denying his motion for a judgment of acquittal on the ground that a skateboard is not a "vehicle" within the meaning of ORS 811.140. The state argues that defendant's argument is not preserved and that, in any event, a skateboard is a "vehicle" within the meaning of the statute. We conclude that the issue was preserved and that a skateboard is not a "vehicle" within the meaning of ORS 811.140. We therefore reverse the reckless driving conviction.

The relevant facts are undisputed. Defendant struck a pedestrian as he was skateboarding down a sidewalk and into a crosswalk in downtown Portland. Both defendant and the pedestrian fell to the ground. Defendant grabbed the skateboard and ran away, followed by a police officer who had observed the incident. Defendant was arrested and charged with several offenses, including reckless driving.

At trial, defendant moved for a judgment of acquittal on the reckless driving charge. He argued that he could not be convicted of reckless driving because one does not "drive" a skateboard. According to defendant, one "drives" a motor vehicle, and a skateboard is not a motor vehicle within the meaning of ORS 811.140. The trial court suggested that ORS 801.590 defines "vehicle" more broadly than that. Defendant replied that ORS 811.140 and ORS 801.590 cannot be construed to apply to skateboards because that would produce an absurd result not likely intended by the legislature. The trial court denied the motion, and defendant was convicted of the charge.

On appeal, defendant argues that the trial court erred in denying the motion for judgment of acquittal, because ORS 801.026(6) expressly exempts from the definition of "vehicle" devices other than bicycles that are exclusively human powered. The state argues that defendant's argument is unpreserved because he failed to bring ORS 801.026(6) to the attention of the trial court and that, in any

event, the statute does not apply to ORS 811.140. Defendant acknowledges that he failed to cite ORS 801.026(6). He argues that he still is entitled to raise it, however, because it is necessary "context" to the proper interpretation of ORS 811.140.

The decisions of the appellate courts of this state do not steer an even course when it comes to the rules of preservation. A number of opinions describe the rules of preservation in somewhat formalistic terms, requiring as an absolute minimum that parties preserve an "issue," while relaxing the requirement for a "source" for the claimed position and an "argument" in support of it. The lead decision is *State v. Hitz*, 307 Or 183, 188, 766 P2d 373 (1988). The problem, of course, is that the cases never have defined precisely what is meant by an "issue," as opposed to a "source" or an "argument." As a result, the cases closely following *Hitz* tend to have an *ad hoc* flavor to them and are sometimes hard to reconcile. *Compare State v. Doern*, 156 Or App 566, 572-73, 967 P2d 1230 (1998) ("I take exception to that" is sufficient under *Hitz* to preserve objection without identifying a particular rule or other source), *with State v. White*, 119 Or App 424, 427, 850 P2d 1158, *rev den*, 317 Or 486 (1993) ("I object to this line of questioning" held not sufficient to preserve objection, because it failed to identify a particular rule or other source).

More recently—although without disavowing *Hitz*—the courts have described the rule of preservation in more functional terms. Such cases emphasize the underlying purposes of preservation, in particular, fairness and efficiency. As the Supreme Court explained in *State v. Wyatt*, 331 Or 335, 343, 15 P3d 22 (2000), "a party must provide the trial court with an explanation of his or her objection that is specific enough to ensure that the court can identify its alleged error with enough clarity to permit it to consider and correct the error immediately, if correction is warranted."

Complicating the matter is a line of cases beginning with *Stull v. Hoke*, 326 Or 72, 77, 948 P2d 722 (1997), holding that "[i]n construing a statute, this court is responsible for identifying the correct interpretation, whether or not asserted by the parties." Shortly after deciding *Stull*, in

*Miller v. Water Wonderland Improvement District*, 326 Or 306, 309 n 3, 951 P2d 720 (1998), the Supreme Court went even further. In that case, the plaintiff had sought a declaration as to his right to inspect certain records of a water improvement district under the public records statute. On appeal before this court, we noted that another statute—pertaining specifically to water districts—might otherwise bear on the issue, but we declined to decide the case under that statute because the plaintiff had failed to claim any entitlement under it. *Miller v. Water Wonderland Improvement District*, 141 Or App 403, 405 n 1, 918 P2d 849 (1996). The Supreme Court reversed, holding that the fact that the plaintiff had failed to rely on the statute was not dispositive: "[T]he parties may not prevent a court from noticing and invoking an applicable statute by relying only on other sources of law." *Miller*, 326 Or at 309 n 3.

Returning to this case, it is, frankly, not easy to determine whether defendant's claim of error has been preserved. Arguably, under *Hitz*, defendant has preserved an "issue," namely, whether a skateboard is a "vehicle" within the meaning of ORS 811.140. His failure to cite ORS 801.026(6) may be regarded as a failure to cite a specific "source," which, under *Hitz*, is not fatal. At the same time, it is arguable that defendant's objection was not specific enough to ensure that the trial court could identify the alleged error immediately and correct it, as *Wyatt* requires.

■ In the end, the fact that the matter in contention involves the applicability and construction of a statute leads us to conclude that it was adequately "preserved." First, under *Stull* and *Miller*, it is apparent that the ordinary rules of preservation are somewhat more lax when the case turns on the applicability and construction of a statute. As the Supreme Court stated in *Miller*, the failure of the parties to cite a statute does not prevent the courts from noticing it and giving it effect. 326 Or at 309 n 3. Second, apart from that, it is at least arguable that, having brought to the court's attention ORS 811.140 and the question whether a skateboard is a "vehicle" within the meaning of that statute, defendant fairly may rely on other statutes that bear on the meaning of that statute as "context." *See State v. Carr*, 319 Or 408, 412, 877

P2d 1192 (1994) (relying on statutes not cited by either party as context for statutory construction purposes).

■  We turn to the merits. ORS 811.140(1) provides, in part, that "[a] person commits the offense of reckless driving if the person recklessly drives a vehicle upon a highway * * * in a manner that endangers the safety of persons or property." The statute does not define "vehicle." ORS 811.140, however, is part of the "vehicle code." ORS 801.010(1). And ORS 801.590 provides that, for the purposes of the vehicle code, the term "vehicle" refers to "any device in, upon or by which any person or property is or may be transported or drawn upon a public highway and includes vehicles that are propelled or powered by any means." Both defendant and the state agree that a skateboard is a device on which a person may be transported and that, as such, it appears to fall within the definition of vehicle expressed in ORS 801.590.

Defendant claims that, notwithstanding the inclusive definition of "vehicle" in ORS 801.590, skateboards are subject to an express exemption from that definition pursuant to ORS 801.026(6). That statute provides, in part, that "[d]evices that are powered exclusively by human power are not subject to those provisions of the vehicle code that relate to vehicles." There is no dispute, defendant argues, that his skateboard was powered exclusively by human power and that the reckless driving statute, ORS 811.140, is a provision of the vehicle code. That, he argues, should end the matter.

The state counters that ORS 801.026(6) does not apply to the reckless driving statute, because that statute is not a provision of the vehicle code "that relate[s] to vehicles." According to the state, the qualification "relate[s] to vehicles" refers to portions of the vehicle code that concern the regulation of the vehicles themselves, as opposed to the manner in which they are driven.

The scope of the exemption contained in ORS 801.026(6) is a matter of statutory construction, subject to the method of analysis described in *PGE v. Bureau of Labor and Industries*, 317 Or 606, 610-12, 859 P2d 1143 (1993). In accordance with that method of analysis, we examine first the text of the statute in its context to determine whether the

legislature's intended meaning has been expressed unambiguously. If the statute is ambiguous, then we resort to legislative history and other aids to construction. *Id.*

We begin with the text in its context. ORS 801.026 lists a number of exemptions from provisions of the vehicle code:

"(1)   Persons, motor vehicles and equipment employed or used by a public or telecommunications utility, electric cooperative or by the United States, this state or any political subdivision of this state are exempt from the provisions of the vehicle code specified in subsection (3) of this section while on a highway and working or being used to service, construct, maintain or repair the facilities of a utility.

"(2)   Persons, motor vehicles and equipment employed or being used in the construction or reconstruction of a street or highway are exempt from the provisions of the vehicle code specified in subsection (3) of this section if:

"(a)   They are within the immediate construction project as described in the governmental agency contract, if there is a contract; and

"(b)   The work is being done in an area that is signed in accordance with the manual adopted under ORS 810.200.

"(3)   Persons, motor vehicles and equipment described in subsections (1) and (2) of this section are exempt from provisions of the vehicle code relating to rules of the road as described in ORS chapter 811, except that this subsection does not apply to:

"(a)   Reckless driving, as defined in ORS 811.140.

"* * * * *

"(4)   Motor vehicles and equipment being used in the area and in the manner described in subsection (2) of this section are also exempt from the provisions of the vehicle code relating to vehicle size and weight to the extent set out in the governmental agency contract.

"(5)   Devices moved exclusively on stationary rail tracks are exempt from the vehicle code.

"(6)   Devices that are powered exclusively by human power are not subject to those provisions of the vehicle code that relate to vehicles. Notwithstanding this subsection,

bicycles are generally subject to the vehicle code as provided under ORS 814.400."

As a matter of purely textual analysis, the scope of the exemption described in subsection (6)—specifically, whether the reckless driving statute is among the exempted provisions of the vehicle code that "relate to vehicles"—is anything but clear. On the one hand, the words are entirely capable of applying to this case. The reckless driving statute, by its terms, governs the proper operation of "vehicles." ORS 811.140. Thus, it "relate[s] to vehicles" and is within the scope of the portions of the vehicle code to which the exemption for human-powered vehicles applies.

On the other hand, that reading of the statute tends to make the phrase "relate to vehicles" somewhat redundant, as, presumably, virtually any portion of the vehicle code relates to vehicles. *See Phelps and Nelson*, 122 Or App 410, 415, 857 P2d 900 (1993) (courts generally avoid giving statutes constructions that render some portions redundant). Moreover, in subsection (3), the reckless driving statute is expressly referred to as a "provision[ ] of the vehicle code relating to rules of the road." ORS 801.026(3). That suggests that, when the legislature intended to refer to the statutes concerning the manner of operation of vehicles—as opposed to statutes concerning regulations of the vehicles themselves—it used that phrasing and not the broader phrasing that it employed in subsection (6).

Neither possibility is wholly implausible. Accordingly, we turn to the legislative history. *See Owens v. MVD*, 319 Or 259, 268, 875 P2d 463 (1994) (unless alternative interpretation is "wholly implausible" resort to legislative history is necessary). What is now ORS 801.026(6) originally was enacted in 1983 and read:

"Except as otherwise specifically provided in the vehicle code, the provisions of the vehicle code do not apply to the exemptions described in this section. This section exempts all of the following:

"(1) Persons, motor vehicles and other equipment employed by the United States, this state, any county, city, district or other political subdivision or a public utility while on a highway and working or being used to service,

construct, maintain or repair the facilities of the utility, or to persons, motor vehicles and other equipment while operated within the immediate construction project as described in the governmental agency contract if there is a contract, in the construction or reconstruction of a street or highway when the work is being done in an area that is signed in accordance with the manual adopted under section 164 of this 1983 Act. This subsection does not provide an exemption under the following circumstances:

"(a)  For provisions relating to serious traffic offenses.

"(b)  To the persons and vehicles when traveling to or from the facilities or construction project.

"(2)  Devices moved exclusively on stationary rail tracks.

"(3)  Devices that are powered exclusively by human power. Notwithstanding this subsection, bicycles are generally subject to the vehicle code * * *."

Or Laws 1983, ch 338, § 5. Thus, in the original version of the statute, the legislature made clear that certain public utility vehicles, vehicles moved exclusively on stationary rail tracks, and devices powered exclusively by human power were exempt from the vehicle code in its entirety, not merely from specified portions of it.

In 1985, the legislature amended the statute so that what is now subsection (6) provides that "[d]evices that are powered exclusively by human power are not subject to those provisions of the vehicle code that relate to vehicles." Or Laws 1985, ch 16, § 5(3). The staff section-by-section analysis explains that the change was meant only "to clarify language." Section by Section Analysis on Senate Bill 100, Joint Subcommittee on the Revision of the Motor Vehicle Code, SB 100, Jan 28, 1985, 1. The committee administrator also explained that the additional wording was not intended to change its meaning but instead "to make it more readable." Tape Recording, Joint Subcommittee on the Revision of the Motor Vehicle Code, SB 100, Jan 28, 1985, Tape 1, Side A (statement of Committee Administrator Claudia Howells). Moreover, the text of the 1985 bill itself made clear that its purpose was housekeeping in nature, specifically,

"to correct any inadvertent errors in the [1983] code and to make further changes for the sake of ease of use and consistency. However, nothing in this Act is intended to alter the legislative intent or purpose of statutory sections affected by this Act except insofar as the amendments thereto or repeals thereof specifically require."

Or Laws 1985, ch 16, § 1.[1]

It is apparent from the legislative history that the reference in subsection (6) to "those provisions of the vehicle code that relate to vehicles" was intended to mean literally what it says. It was intended merely to restate what the legislature previously—and somewhat more economically—had made clear by exempting human-powered vehicles from the vehicle code as a whole.

Interestingly, what is now subsection (3), the exemption from "provisions of the vehicle code relating to rules of the road as described in ORS chapter 811," was not enacted until 1989. Or Laws 1989, ch 400, § 2. Thus, the legislative history also makes clear that the portion of what is now subsection (3) that refers to "provisions of the vehicle code relating to rules of the road" is not properly part of the "context" of subsection (6), and therefore is not available to us for purposes of drawing inferences about the intended scope of subsection (6). *See Stull*, 326 Or at 79-80 (later-enacted statutes are not context for what the legislature intended an earlier-enacted statute to mean).

It may be that the phrasing of subsection (6) is somewhat redundant, but infelicitous drafting does not constitute permission to ignore the meaning that the legislature intended. *Deluxe Cabinet Works v. Messmer*, 140 Or App 548, 554, 915 P2d 1053, *rev den*, 324 Or 305 (1996) ("the potentially redundant effect of statutory language does not give us license to redraft the statute so that it means something 'new' ").

---

[1] We understand that, technically speaking, the prior version of the statute is "context" and not legislative history. *Krieger v. Just*, 117 Or App 64, 66-67, 843 P2d 473 (1992), *aff'd on other grounds*, 319 Or 328, 876 P2d 754 (1994). In this case, however, because we have concluded that it is necessary to examine legislative history, the distinction does not matter.

We therefore conclude that, under ORS 801.026(6), a skateboard is exempt from the vehicle code, including the reckless driving statute, ORS 811.140. It necessarily follows that defendant was entitled to a judgment of acquittal on the reckless driving charge.

Conviction for reckless driving reversed; otherwise affirmed.