Argued and submitted February 10, affirmed March 23, petition for review denied July 19, 2005 (339 Or _____ )

# STATE OF OREGON,
*Respondent,*

*v.*

# LYLE KIM TAYLOR,
*Appellant.*

## 02CF037; A123653

108 P3d 682

Ernest G. Lannet, Deputy Public Defender, argued the cause for appellant. With him on the briefs were Peter A. Ozanne, Executive Director, and Peter Gartlan, Chief Defender, Office of Public Defense Services.

Doug M. Petrina, Assistant Attorney General, argued the cause for respondent. With him on the brief were Hardy

Myers, Attorney General, and Mary H. Williams, Solicitor General.

Before Edmonds, Presiding Judge, and Haselton and Linder, Judges.

HASELTON, J.

**HASELTON, J.**

Defendant appeals from his convictions, based on a plea of no contest, on one count of rape in the first degree, ORS 163.275, one count of sodomy in the first degree, ORS 163.405, and one count of sexual abuse in the third degree, ORS 163.415. He argues that the trial court's imposition of consecutive 100-month sentences on the first-degree rape and first-degree sodomy counts, based on the court's rendition of findings under ORS 137.123(5),[1] was unconstitutional. In particular, defendant contends that, under the rationale set forth in *Apprendi v. New Jersey*, 530 US 466, 120 S Ct 2348, 147 L Ed 2d 435 (2000), and *Blakely v. Washington*, 542 US 296, 124 S Ct 2531, 159 L Ed 2d 403 (2004), judicial fact-finding in support of consecutive sentences violates his right to a jury trial under the Sixth Amendment to the United States Constitution. For the reasons that follow, we conclude that defendant's present challenge was not preserved before the trial court, and was not "error apparent on the face of the record," ORAP 5.45(1). Accordingly, we affirm.

The material facts are undisputed. After defendant pleaded no contest, at sentencing, the trial court imposed the mandatory minimum sentences of 100 months' imprisonment on the rape and sodomy convictions pursuant to ORS 137.700, to run consecutively to one another. The court also imposed a concurrent sentence of 12 months on the sexual abuse conviction. In support of its decision to make the sentences on the rape and sodomy convictions consecutive to one

---

[1] ORS 137.123(5) provides:

"The court has discretion to impose consecutive terms of imprisonment for separate convictions arising out of a continuous and uninterrupted course of conduct only if the court finds:

"(a) That the criminal offense for which a consecutive sentence is contemplated was not merely an incidental violation of a separate statutory provision in the course of the commission of a more serious crime but rather was an indication of defendant's willingness to commit more than one criminal offense; or

"(b) The criminal offense for which a consecutive sentence is contemplated caused or created a risk of causing greater or qualitatively different loss, injury or harm to the victim or caused or created a risk of causing loss, injury or harm to a different victim than was caused or threatened by the other offense or offenses committed during a continuous and uninterrupted course of conduct."

another rather than concurrent, the trial court found, pursuant to ORS 137.123(5)(a), that, although the crimes arose from a continuous and uninterrupted course of conduct, the sodomy was not simply an incidental violation of separate statutory provisions (from the rape) but, instead, demonstrated "defendant's willingness to commit more than one criminal offense by first committing sexual intercourse with a minor, and then committing deviate sexual intercourse under a separate act." The court further, and alternatively, based the imposition of the consecutive sentences on the following finding under ORS 137.123(5)(b):

> "[T]he criminal offense for which a consecutive sentence is contemplated caused or created a risk of causing greater or qualitatively different loss, injury, or harm to the victim or caused or created a risk of loss, injury, or harm to a different victim than was caused or threatened by the other offense or offenses committed during a continuous and uninterrupted course of conduct.
>
> "Here we have a qualitatively different loss based on the separate convictions for rape 1 and sodomy 1[.]"

Defense counsel expressed certain objections to the imposition of the consecutive sentences, which we describe in detail below. *See* 198 Or App at 465.

On appeal, defendant contends that the court's imposition of consecutive sentences based on judicial factfinding under ORS 137.123(5) violated the principles announced in *Apprendi* and *Blakely*. He asserts that he is entitled to a jury determination of all sentence enhancement factors and that the statutory maximum sentence he could have received from his rape and sodomy convictions combined, in the absence of judicial factfinding, was 100 months concurrently for both crimes. Reduced to its essence, defendant's argument is that, but for the sentencing court's allegedly unconstitutional factfinding, he could have been sentenced to only 100 months, and not 200 months, of imprisonment.

The state offers two responses: (1) Defendant failed to preserve the error that he raises on appeal, and that asserted error is not apparent on the face of the record; and (2) on the merits, defendant is incorrect that the rule of law

announced in *Apprendi* and *Blakely* applies to judicial findings made in support of consecutive sentences for separate crimes. As explained below, because we conclude that the asserted error is unpreserved, we do not reach the merits of the parties' arguments.

We return to precisely what transpired before the trial court. Defendant pleaded no contest to the charges in June 2003. At that time, the trial court asked defendant if he understood that, if the sentences on the charges were run consecutively, his maximum penalty could be up to 41 years. Defendant responded that he did. The court then asked defendant's attorney if she agreed that the court had "stated accurately the maximum penalties imposed?" Defendant's attorney replied, "Yes, your honor." The court also inquired whether defendant had read the maximum penalties as set forth in the plea petition, and he replied that he had. The court verified that defendant's attorney had gone over the plea petition with defendant.

After numerous delays, defendant was sentenced in late December 2003. The state filed a sentencing memorandum asserting that the trial court should impose consecutive sentences on the rape and sodomy convictions, explaining the factual bases on which the court could make the necessary findings under the statutory provisions of ORS 137.123(5). That memorandum made no reference to any constitutional issues. Defendant did not file a sentencing memorandum.

At the sentencing hearing, the court noted that both the rape and sodomy convictions carried mandatory minimum sentences of 100 months, ORS 137.700, and stated that the issue was "whether they are to be run consecutively or concurrently." In response, defendant's counsel mentioned a potential witness who would testify that defendant was not a predator, stating that the testimony "might have a significant impact on how the court sentenced him, whether it's consecutive or concurrently." Defendant's counsel added:

> "I realize that the two counts don't merge, and the court certainly has the authority or the ability to sentence consecutively, but our appeal is that you not only sentence him concurrently, but—"

The court then interrupted to indicate that it did not believe that defendant's "general lack of danger to the community" was relevant to the factors listed in ORS 137.123, and asked defendant's counsel to respond. Defendant's counsel first stated that she believed that the state was seeking consecutive sentences for punitive reasons, then stated:

> "I realize the case law is going back and forth on this, is that if the court finds aggravating factors that are not pled in the actual indictments, then I would argue the court doesn't have the authority to move in that direction, and I do realize there's a case law that says that, and there's a recent case that says, under sentencing guidelines, that you can go to the max, you can go up to the 100 months if that's what you choose to do, but for purposes of appellate record, *I'm saying that we object to the court aggravating on either one of these—on any one of the three charges, because it's outside the court's authority if those aggravating factors were not pled in the indictment itself.*
>
> ***"Granted, [defendant] did not go to a trial by jury, but had he, the jury should be the one to decide any aggravating factors that affect his sentence.***
>
> "And the fact that he entered a no contest plea, he still should have the same rights under the constitution *as to the charging instrument,* so that's our argument."

(Emphasis and boldface added.)

Neither the prosecutor nor the court engaged in any discussion of whether a jury should decide facts in support of consecutive sentences. As noted above, the trial court made findings in support of consecutive sentences pursuant to ORS 137.123(5).

■ On appeal, defendant asserts that the boldfaced language in defense counsel's colloquy with the trial court preserved the asserted error that the sentencing court was not authorized to make findings in support of consecutive sentences *because only a jury could make such findings.* However, after reading those statements in context, we do not agree that they sufficiently put the sentencing court on notice of what defendant now alleges was error, *viz.,* that only a jury, and not the court, could render the findings prescribed by ORS 137.123(5).

■    The purposes of the requirements for preservation of error are "to allow the adversary to present its position and to permit the court to understand and correct any error." *State v. Brown*, 310 Or 347, 356, 800 P2d 259 (1990). *See also Davis v. O'Brien*, 320 Or 729, 737, 891 P2d 1307 (1995) (purposes of preservation requirements are to ensure that the positions of the parties are presented clearly to the initial tribunal and that parties are not taken by surprise, misled, or denied opportunities to meet an argument).

Here, from the emphasized colloquy, we conclude that defense counsel, although not citing any particular case or constitutional provision, did assert that any factors used to impose consecutive sentences *needed to have been pleaded in the indictment*. In broader context, we understand that counsel probably was referring obliquely to *Apprendi* and to post-*Apprendi* case law that existed at the time of the sentencing proceeding here. In *Apprendi*, the Court held that a state criminal defendant has a Sixth Amendment right to have a jury decide certain facts that affect the defendant's sentence and a Fourteenth Amendment due process right to have the state prove those facts beyond a reasonable doubt, but also stated:

> "Apprendi has not here asserted a constitutional claim based on the omission of any reference to sentence enhancement or racial bias in the indictment. He relies entirely on the fact that the 'due process of law' that the Fourteenth Amendment requires the States to provide to persons accused of crime encompasses the right to a trial by jury and the right to have every element of the offense proved beyond a reasonable doubt. That Amendment has not, however, been construed to include the Fifth Amendment right to 'presentment or indictment of a Grand Jury' that was implicated in our recent decision in *Almendarez-Torres v. United States*, 523 US 224[, 118 S Ct 1219, 140 L Ed 2d 350] (1998). We thus do not address the indictment question separately today."

530 US at 477 n 3. Thus, although the holding in *Apprendi* concerned Sixth Amendment jury trial rights, the Court acknowledged, but did not decide, a potential Fifth Amendment issue concerning indictments.[2] In *Ring v. Arizona,* 536

---

[2] *See State v. Cox,* 337 Or 477, 499, 98 P3d 1103 (2004) (noting that Court had not decided whether such a Fifth Amendment pleading requirement would apply to

US 584, 597-98 n 4, 122 S Ct 2428, 153 L Ed 2d 556 (2002), the court again noted, but did not decide, whether sentencing factors needed to be pleaded in an indictment. In December 2003, two weeks before the sentencing at issue in the present case, the Oregon Supreme Court rejected an argument that guidelines departure sentences could not be based on facts not pleaded in the indictment and proved to the jury beyond a reasonable doubt. *State v. Dilts*, 336 Or 158, 82 P3d 593 (2003).[3]

Given that background, we understand defendant's counsel's statements to have indicated to the sentencing court that, while *Dilts* did not support her position that factors used to impose consecutive sentences needed to be pleaded in the indictment, she was making the argument in order to preserve that issue for appeal.

On appeal, however, defendant asserts that it is his right to a trial by jury, not a right to have consecutive sentencing factors pleaded in the indictment, that has been violated. He asserts that he preserved that argument because his attorney stated at sentencing that defendant "did not go to a trial by jury, *but had he*, the jury should be the one to decide any aggravating factors that affect his sentence." (Emphasis added.)

We agree with defendant that that statement almost certainly referred to the holding in *Apprendi* that facts used for sentence enhancement needed to be admitted by the defendant or found by a jury beyond a reasonable doubt. However, we do not believe that counsel's statement should have alerted the sentencing court that defendant was asserting that *he* had a right to a jury determination of anything. That is so because, as noted above, the statement is framed in

the states through the Fourteenth Amendment); *State v. Warren*, 195 Or App 656, 670, 98 P2d 1129 (2004) (rejecting argument that *Apprendi* and *Blakely* imposed such a pleading requirement).

[3] *Dilts* was vacated and remanded by the United States Supreme Court in light of *Blakely*, *State v. Dilts*, 336 Or 158, 82 P3d 593 (2003), *vac'd and rem'd*, 542 US ____ , 124 S Ct 2906, 159 L Ed 2d 809 (2004), and ultimately decided on the basis of the Sixth Amendment. *State v. Dilts*, 337 Or 645, 103 P3d 95 (2004). Our citation to the earlier Oregon Supreme Court decision in *Dilts* is not for a proposition of substantive law but, rather, to demonstrate what the state of the law was when counsel and the sentencing court addressed the sentencing issues presented in this case.

a subjunctive, or contingent, manner. That phrasing indicated that, *if* defendant had chosen to go to trial by jury (which he had not), *then* he would have been entitled to a jury determination of facts used to impose consecutive sentences. The logical corollary was that, because defendant did not go to trial by jury, he was not asserting that he was entitled to a jury determination of facts used to impose consecutive sentences.

Thus, the sentencing court, hearing defense counsel's statement, could have been expected to understand that defendant was *not* contending that he had a right to a jury determination of consecutive sentencing factors, because he had waived his right to trial by jury on the crimes themselves. In cases decided months after the sentencing here, we determined that a criminal defendant who waived his jury trial rights as to a guilt determination did not necessarily waive his jury trial rights as to sentence enhancement factors. *See, e.g., State v. Gornick*, 196 Or App 397, 407-08, 102 P3d 734 (2004). However, nothing that defense counsel said at sentencing reasonably alerted the sentencing court that she was raising such an argument, *i.e.*, that, notwithstanding his no contest plea, defendant was nevertheless entitled to a jury trial with respect to the imposition of consecutive sentences. In that regard, it is instructive that the word "jury" appears no place else in the sentencing transcript and that the phrase "beyond a reasonable doubt" never appears.

Defendant nevertheless maintains that, under the prudential principles framed in *State v. Hitz*, 307 Or 183, 766 P2d 373 (1988), he sufficiently preserved the "issue" of the court's authority to impose consecutive sentences pursuant to ORS 137.123(5). In *Hitz*, the court explained:

> "We have previously drawn attention to the distinctions between raising an *issue* at trial, identifying a *source* for a claimed position, and making a particular *argument*. The first ordinarily is essential, the second less so, the third least."

*Id.* at 188 (emphasis in original; citation omitted). We understand defendant to be suggesting that the "issue" here is whether consecutive sentences were appropriate, and the "source" of an argument that consecutive sentences should

not have been imposed could be the Fifth Amendment, the Sixth Amendment, or any other legal source.

*Hitz*, however, affords little guidance here. Indeed, here, as is frequently true, *Hitz*'s application depends on how one chooses to frame the "issue." *See State v. Smith*, 184 Or App 118, 121, 55 P3d 553 (2002) ("The problem, of course, is that the cases never have defined precisely what is meant by an 'issue' as opposed to a 'source' or an 'argument' "). Nevertheless, the Supreme Court's most recent discussions of preservation demonstrate that *Hitz* is to be applied pragmatically, not formalistically, by reference to the prudential policies underlying the preservation requirement. That is, whatever the abstract content of "issue," "argument," or "authority," the appealing party's statements before the trial court must have alerted the trial judge and opposing counsel to the substance of the position that is advanced on appeal.

*State v. Wyatt*, 331 Or 335, 337-38, 15 P3d 22 (2000), is exemplary. There, the defendant objected to the exclusion of a witness's testimony as a sanction for a discovery violation. On appeal, he assigned error to the exclusion of that testimony, arguing that there had been no discovery violation, there had been no prejudice to the opposing party, and the court had erred in failing to consider lesser sanctions. *Id.* at 339. The Supreme Court held that the defendant had not adequately preserved the challenge that he raised on appeal. In so holding, the court did not frame the "issue" broadly— *viz*, as whether the trial court had erred in excluding the witness's testimony—rather, the court stated:

> "[A] party must provide the trial court with an explanation of his or her objection that is specific enough to ensure that the court can identify its alleged error with enough clarity to permit it to consider and correct the error immediately, if correction is warranted. When, as here, a party subject to a sanction for a discovery violation does not deny at trial that it is subject to *some* sanction, its failure to object to the particular sanction imposed by the judge or, in the alternative, to argue for some other sanction, fails to preserve a claim on appeal that the judge erred in failing to consider the availability of a less onerous sanction. Defendant's arguments and offer of proof here did not identify adequately for the

judge the issue of alternatives to precluding [the witness's] testimony during the trial."

*Id.* at 343 (footnote omitted; emphasis in original). *See also State v. Amaya*, 336 Or 616, 629, 89 P3d 1163 (2004) (several of the defendant's arguments that she was entitled to suppression due to unlawful seizure were rejected as unpreserved because they were based on "discrete legal theories" other than the one advanced in the trial court); *Smith*, 184 Or App at 121 ("[m]ore recently—although without disavowing *Hitz*—the courts have described the rule of preservation in more functional terms. Such cases emphasize the underlying purposes of preservation, in particular, fairness and efficiency.").

Here, for the reasons described above, consideration of defendant's present jury trial-based challenge to the imposition of consecutive sentences would not comport with preservation principles. First, as noted, the trial court would most reasonably have understood defense counsel to have been arguing that the facts used in imposing consecutive sentences under ORS 137.123(5) must be pleaded in the charging instrument. The court was not alerted to defendant's qualitatively different jury trial argument.

Second, in any event, even if counsel's statement that defendant did not go to trial by jury could somehow be viewed as suggesting that his jury trial rights would be violated by sentencing him based on factors not tried to a jury, that remark was, at best, quite ambiguous. As noted, the court in *Wyatt* indicated that a party needs to "provide the trial court with an explanation of his or her objection that is specific enough to ensure that the court can identify its alleged error with enough clarity to permit it to consider and correct the error[.]" 331 Or at 343. Defendant's objection, to the extent that it might be viewed as raising anything other than a pleading issue, was not sufficently specific to alert the trial court of the nature of the alleged error to give the trial court the opportunity to consider and correct it.

We thus conclude that defendant did not preserve his present contention that the trial court erred in imposing consecutive sentences based on findings not submitted to a jury and proved beyond a reasonable doubt. Nor is that

alleged error reviewable as "error apparent on the face of the record." *State v. Fuerte-Coria*, 196 Or App 170, 100 P3d 773 (2004), *rev den*, 338 Or 16 (2005). Consequently, we affirm defendant's convictions and sentence.

Affirmed.