Submitted on record and briefs March 3, sentences vacated; remanded for resentencing; otherwise affirmed March 30, 2005

## STATE OF OREGON,
*Respondent,*

*v.*

## JESSE JAMES CROWELL,
*Appellant.*

CR0200071; A119959

109 P3d 390

Erin Galli Rohr and Chilton, Ebbett & Rohr filed the briefs for appellant.

Hardy Myers, Attorney General, Mary H. Williams, Solicitor General, and Elizabeth A. Gordon, Assistant Attorney General, filed the brief for respondent.

Before Haselton, Presiding Judge, and Linder* and Ortega, Judges.

HASELTON, P. J.

---

\* Linder, J., *vice* Richardson, S. J.

### HASELTON, P. J.

Defendant was convicted of kidnapping in the second degree, ORS 163.225; robbery in the second degree, ORS 164.405; and unauthorized use of a motor vehicle, ORS 164.135. He received partially consecutive and partially concurrent 70-month mandatory minimum sentences on the first two offenses pursuant to ORS 137.700, and a concurrent 13-month sentence for unauthorized use of a motor vehicle. The court also imposed a 10-year term of post-prison supervision, less the time actually served in prison. On appeal, defendant asserts that the court made several errors in sentencing. As explained below, we affirm defendant's convictions and remand for resentencing.

Defendant first argues that the trial court erred in imposing a 10-year post-prison supervision term. Although he did not preserve the issue before the trial court, defendant asserts that the error is apparent on the face of the record. ORAP 5.45(1). Defendant points out that, under OAR 213-005-0002(2)(a), the proper term of post-prison supervision is three years.[1] The state concedes that the post-prison supervision term was erroneous and agrees that the error is apparent on the face of the record. We accept that concession as well-founded. Moreover, in light of the length of the erroneous term and the state's concession, we exercise our discretion to correct the error. *Ailes v. Portland Meadows, Inc.*, 312 Or 376, 382, 823 P2d 956 (1991). Accordingly, we vacate the sentence and remand for resentencing.

Defendant also contends that the court's imposition of partially consecutive sentences based on findings pursuant to ORS 137.123 was erroneous under *Blakely v. Washington*, 542 US 296, 124 S Ct 2531, 159 L Ed 2d 403 (2004). Again, defendant acknowledges that that claim of error was not

---

[1] OAR 213-005-0002(2) provides, in part:

"The duration of post-prison supervision shall be determined by the crime seriousness category of the most serious current crime of conviction:

"(a) One year for Crime Categories 1-3, two years for Crime Categories 4-6 and three years for Crime Categories 7-11."

Both robbery in the second degree and kidnapping in the second degree are crime category 9 offenses. OAR 213-017-0003.

raised before the sentencing court but asserts that we should review it as error apparent on the face of the record. Given our disposition of the first assignment of error, which necessitates a remand for resentencing on all convictions pursuant to ORS 138.222(5), we do not reach defendant's unpreserved *Blakely* challenge. Although we have previously declined to review similar unpreserved challenges to the imposition of consecutive sentences, *see, e.g., State v. Taylor*, 198 Or App 460, 108 P3d 682 (2005); *State v. Fuerte-Coria*, 196 Or App 170, 100 P3d 773 (2004), *rev den*, 338 Or 16 (2005), our remand for resentencing in this case, with the concomitant possibility that defendant can raise his *Blakely*-based objection upon any reimposition of the consecutive sentences on remand, obviates any need to consider defendant's second assignment of error.

Sentences vacated; remanded for resentencing; otherwise affirmed.