Argued and submitted February 27, conviction under ORS 807.570 reversed; otherwise affirmed June 18, 2008

## STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

## TIMM JAY TIMMERMANN,
*Defendant-Appellant.*

Umatilla County Circuit Court
CR040574; A132646

187 P3d 744

Travis S. Eiva, Deputy Public Defender, argued the cause for appellant. With him on the brief was Peter Gartlan, Chief Defender, Legal Services Division, Office of Public Defense Services.

Anna M. Joyce, Assistant Attorney General, argued the cause for respondent. With her on the brief were Hardy Myers, Attorney General, and Mary H. Williams, Solicitor General.

Before Brewer, Chief Judge, and Schuman, Judge, and Deits, Judge pro tempore.

BREWER, C. J.

**BREWER, C. J.**

Defendant was involved in a car accident and was taken to a hospital by ambulance. A police officer went to the hospital and asked defendant for his driver's license. Defendant refused to present a license, and the officer cited defendant for failure to carry or present a license under ORS 807.570(1)(b),[1] arrested defendant,[2] and took him to the police station. At the police station, the officer learned that defendant had a valid Nevada driver's license. The state nonetheless charged defendant by information with violating ORS 807.570(1)(b) because he "operat[ed] a motor vehicle on a highway in this state and upon being stopped by an officer who was enforcing the motor vehicle laws, failed to present a driver's license." Defendant attempted to present his Nevada license to the court both at a hearing on his pretrial motion to dismiss the charge and at trial. In his pretrial motion to dismiss, defendant moved "for an order dismissing ORS 807.570 from this case in the furtherance of justice, pursuant to ORS 807.020." Defendant argued that, based on "[e]xemptions from [the] requirement to have [an] Oregon License or permit," he was not required to have an Oregon driver's license because he held a valid out-of-state license. The trial court implicitly denied the motion. At trial, the court excluded evidence that, when he was cited, defendant had a valid out-of-state driver's license. Defendant appeals from the ensuing judgment convicting him of the offense. On appeal, he assigns error to both of the court's rulings. We reverse with

---

[1] ORS 807.570(1) provides:

"A person commits the offense of failure to carry a license or to present a license to a police officer if the person either:

"(a) Drives any motor vehicle upon a highway in this state without a license, driver permit or out-of-state license in the person's possession; or

"(b) Does not present and deliver such license or permit to a police officer when requested by the police officer under any of the following circumstances:

"(A) Upon being lawfully stopped or detained when driving a vehicle.

"(B) When the vehicle that the person was driving is involved in an accident."

[2] Defendant also was charged with and eventually convicted of driving under the influence of intoxicants. ORS 813.010. He does not challenge that conviction on appeal.

respect to defendant's conviction under ORS 807.570 and otherwise affirm.

Defendant's argument on appeal is straightforward. He relies on ORS 807.570(3), which provides that, "[e]xcept as provided in ORS 813.110, it is a defense to any charge under this section that the person so charged produce a license, driver's permit or out-of-state license that had been issued to the person and was valid at the time of violation of this section."[3] Based on that provision, defendant's production at trial of a driver's license that was valid at the time of his arrest would have been a complete defense to the charge. *Hass v. Port of Portland*, 112 Or App 308, 311, 829 P2d 1008, *rev den*, 314 Or 391 (1992). The state concedes as much. However, the state argues that defendant's argument is unpreserved because "defendant never attempted to present that defense [to the trial court] and therefore this court should decline to address his claims of error." Thus, the dispositive issue is whether defendant adequately preserved his current argument.[4]

As noted in his motion to dismiss, defendant moved "for an order dismissing ORS 807.570 from this case in the furtherance of justice, pursuant to ORS 807.020." Defendant attached to the motion a copy of his valid Nevada driver's license. At the motion hearing on the morning of trial, the state conceded that defendant had a valid Nevada license at the time of his arrest. The following colloquy ensued:

> "[DEFENDANT]: The issue there is that I was not a resident. I was raised here, but I was not a resident in the State of Oregon at that time. I've resided approximately the last 20 years in Nevada, and I offered the officer my Nevada driver's license, which they refused, and wrote me down for having no Oregon citation. And I learned that if you have an out-of-state driver's license that is valid where you live and so forth that you don't have to have an Oregon driver's license.

---

[3] ORS 813.110 is inapplicable here.

[4] In a memorandum of supplemental authorities filed shortly before oral argument in this case, defendant asserted for the first time that, even if his argument on appeal was not adequately preserved, this court should exercise its discretion to review his assignments of error as plain errors. We decline to consider defendant's untimely argument. *See* ORAP 5.45(4)(b), (6).

"THE COURT: So you're saying that the officer asked for your license, and you handed them your Nevada license, and they cited you because you didn't give them an Oregon driver's license?

"[DEFENDANT]: Yes sir.

"[THE STATE]: Your honor, that's just—it's an absolute factual dispute. That's all we have at trial today. The officer's allegations, allegations against [defendant], is that a license was requested. He refused to give his license until, finally, after he was booked in the jail and that jail did a search of [defendant's] person, they found his license.

"* * * * *

"THE COURT: You're not disputing that he was a Nevada resident and that that Nevada license is okay?

"[THE STATE]: * * * I totally would agree with [defendant] that, in fact, he did have a Nevada license.

"THE COURT: Well, that takes care of that, then, doesn't it?

"[DEFENDANT]: Yes, sir.

"THE COURT: So you can present evidence that you tried to present your Nevada license, I guess, and if the jury buys it, that would suffice.

"[DEFENDANT]: Fine."

The court then turned to other matters without formally ruling on defendant's motion to dismiss.

Defendant represented himself at trial. He attempted to elicit testimony from the arresting officer that the officer had cited him for not having an Oregon license:

"[Defendant] presented you with a valid Nevada driver's license, and you cite him with no Oregon license. So, therefore, we really don't have a claim because under Oregon statutes, it states that if a person has an out-of-state driver's license that's valid and out-of-state address and so forth, which you people didn't want to listen to that day, that it constitutes that Oregon cannot prosecute that person for not having a valid Oregon license if they have a valid Nevada driver's license."

The state objected, and the court clarified that defendant was not charged with failure to have an *Oregon* driver's license. Defendant did not further pursue the line of inquiry with that witness.

Defendant persisted in his effort to introduce evidence that he had a valid Nevada driver's license through direct examination of a witness in his case-in-chief. Defendant asked that witness whether the witness knew that defendant had a valid Nevada driver's license, and the witness agreed that defendant had a Nevada license. The state objected that the evidence was irrelevant, because "we all agreed he had a driver's license." Defendant tried to explain that, in his view, the evidence was relevant because he was charged with not having an Oregon driver's license, but he did have a valid Nevada driver's license. The state then remonstrated that "everyone agrees that [defendant] had a Nevada license; it's not in dispute. He's not charged with not having an Oregon driver's license. It's not at issue here." The court agreed, and it foreclosed that line of inquiry.

Based on the foregoing exchanges, the state argues that defendant's motion to dismiss and his questions of witnesses were all aimed at the issue "whether or not he was required to have an Oregon—as opposed to some other state—driver's license." The state observes that "[a]t no time did defendant raise the defense available to him under ORS 807.570(3), either by bringing the statute to the court's attention or by asking for an appropriate jury instruction." It follows, the state urges, that we should not consider the claims of error that he raises on appeal, because defendant failed to provide the trial court with an explanation of his objection that was specific enough to ensure that the court could "identify its alleged error with enough clarity to permit it to consider and correct the error immediately[.]" *State v. Wyatt*, 331 Or 335, 343, 15 P3d 22 (2000).

Defendant replies that the state's response to his arguments—that is, its assertion that the existence of defendant's Nevada license was irrelevant to a prosecution under ORS 807.570—caused the trial court to misinterpret that statute so as to deprive him of the defense available under ORS 807.570(3). Because, defendant posits, courts are

required to correctly interpret the applicable statutes irrespective of the arguments that the parties make about their meaning, "defendant's motion put the meaning of ORS 807.570 [in] question: The court needed to determine whether proof that defendant had a valid driver's license would give cause to dismiss the charge under the statute." The state counters that neither the state nor the trial court mischaracterized defendant's possession of a Nevada driver's license as irrelevant. Rather, the state asserts:

> "[I]t was the manner in which defendant presented his defense that led the court and the State to note that defendant was not being charged with failing to have an Oregon license. The state's position in response to defendant's argument in no way, as defendant seems to suggest, caused the court to misinterpret the relevant statutes or improperly deny defendant's motion."

A number of Oregon appellate opinions describe the rules of preservation in somewhat formalistic terms, requiring as a minimum that parties preserve an "issue," while relaxing the requirement for a "source" for the claimed position and an "argument" in support of it. *See, e.g.*, *State v. Hitz*, 307 Or 183, 188, 766 P2d 373 (1988) (lead decision). More recently the courts have described the rule of preservation in more functional terms, emphasizing the underlying purposes of preservation—in particular, fairness and efficiency. *See, e.g.*, *Wyatt*, 331 Or at 343 (lead decision). Complicating things further is the line of cases beginning with *Stull v. Hoke*, 326 Or 72, 77, 948 P2d 722 (1997), which hold courts to a higher standard of engagement when the proper interpretation of a statute is implicated. This case presents yet another illustration of the fault line between the decisions in *Wyatt* and *Stull*.

Shortly after deciding *Stull*, in *Miller v. Water Wonderland Improvement District*, 326 Or 306, 951 P2d 720 (1998), the Supreme Court went even further. In that case, the plaintiff had sought a declaration as to his right under the public records statute to inspect certain records of a water improvement district. This court noted that another statute—pertaining specifically to water districts—might otherwise bear on the issue, but we declined to decide the case under that statute because the plaintiff had failed to claim any entitlement under it. *Miller v. Water Wonderland*

*Improvement District,* 141 Or App 403, 405 n 1, 918 P2d 849 (1996). The Supreme Court reversed, holding that the fact that the plaintiff had failed to rely on the statute was not dispositive: "[T]he parties may not prevent a court from noticing and invoking an applicable statute by relying only on other sources of law." *Miller,* 326 Or at 309 n 3.

In *State v. Smith,* 184 Or App 118, 120, 55 P3d 553 (2002), the defendant, who was skateboarding down a sidewalk and into a crosswalk, struck a pedestrian. He was arrested and charged with several offenses, including reckless driving. At trial, the defendant moved for a judgment of acquittal on the reckless driving charge. He argued that he could not be convicted of reckless driving because one does not "drive" a skateboard. According to the defendant, one "drives" a motor vehicle, and a skateboard is not a motor vehicle within the meaning of ORS 811.140. The trial court suggested that ORS 801.590 defines "vehicle" more broadly than that. The defendant responded that ORS 811.140 and ORS 801.590 cannot be construed to apply to skateboards because that would produce an absurd result not likely intended by the legislature. The trial court denied the motion, and the defendant was convicted of the charge.

On appeal, the defendant argued that the trial court erred in denying the motion for judgment of acquittal, because ORS 801.026(6) expressly exempts from the definition of "vehicle" devices other than bicycles that are exclusively human powered. The state argued that the defendant's argument was unpreserved because he failed to bring ORS 801.026(6) to the attention of the trial court and that, in any event, the statute does not apply to ORS 811.140. The defendant acknowledged that he had failed to cite ORS 801.026(6). He argued that he still was entitled to raise it, however, because it was necessary "context" to the proper interpretation of ORS 811.140. In terms that are instructive here, we said:

> "[I]t is, frankly, not easy to determine whether defendant's claim of error has been preserved. Arguably, under *Hitz,* defendant has preserved an 'issue,' namely, whether a skateboard is a 'vehicle' within the meaning of ORS 811.140. His failure to cite ORS 801.026(6) may be regarded as a failure to cite a specific 'source,' which, under *Hitz,* is

not fatal. At the same time, it is arguable that defendant's objection was not specific enough to ensure that the trial court could identify the alleged error immediately and correct it, as *Wyatt* requires.

"In the end, the fact that the matter in contention involves the applicability and construction of a statute leads us to conclude that it was adequately 'preserved.' First, under *Stull* and *Miller*, it is apparent that the ordinary rules of preservation are somewhat more lax when the case turns on the applicability and construction of a statute. As the Supreme Court stated in *Miller*, the failure of the parties to cite a statute does not prevent the courts from noticing it and giving it effect. 326 Or at 309 n 3. Second, apart from that, it is at least arguable that, having brought to the court's attention ORS 811.140 and the question whether a skateboard is a 'vehicle' within the meaning of that statute, defendant fairly may rely on other statutes that bear on the meaning of that statute as 'context.' *See State v. Carr*, 319 Or 408, 412, 877 P2d 1192 (1994) (relying on statutes not cited by either party as context for statutory construction purposes)."

*Smith*, 184 Or App at 122.

In contrast to *Smith*, where an appellant's argument on appeal relates not only to the scope and meaning of statutory language but, even more, to whether particular proof was deficient for reasons never urged to the trial court, it is unpreserved. *See, e.g., State v. Shields*, 184 Or App 505, 509 n 1, 511 n 2, 56 P3d 937 (2002), *rev den*, 335 Or 355 (2003) (for preservation purposes, motion for judgment of acquittal must identify, with specificity, alleged deficiencies in state's proof). Thus, for example, in *State v. Jackson*, 212 Or App 51, 54, 157 P3d 239, *rev den*, 343 Or 206 (2007), the defendant argued for the first time on appeal that, to prove that an individual is "actually present" to render aid in the commission of second-degree robbery under ORS 164.405(1)(b), the state must establish not only that second person's physical proximity and capability of intervening but also that his or her "purpose" for being present at the robbery was to reinforce the use or threatened use of violence against the victim. That is, in the defendant's view, the statute's "actually present" element encompassed both objective (proximity and capability) and

subjective (purpose) components. In that respect, the defendant's argument on appeal implicated the proper construction of the term "[i]s aided by another person actually present" under ORS 164.405(1)(b). However, his argument at trial had been limited to the assertion that, as a matter of law, the enhancement of third-degree robbery to second-degree robbery under ORS 164.405(1)(b) is not triggered when a coperpetrator's participation (regardless of his or her "purpose") is limited to facilitating the principal robber's escape. We concluded that the defendant's argument at trial was "qualitatively different" from the "subjective purpose" argument that the defendant had advanced on appeal and, accordingly, the latter was unpreserved. *Jackson*, 212 Or App at 55.

The question before us in this case reduces to whether, as in *Smith*, defendant's reliance on ORS 807.570(3) on appeal is "context" for his argument at trial that the court should dismiss the charge under ORS 807.570 or, by contrast, whether, as in *Jackson*, defendant's argument on appeal relates not only to the scope and meaning of statutory language but, even more, to whether the state's proof was deficient for reasons never urged to the trial court. Although the fit is not perfect, we conclude that this case is more like *Smith* than *Jackson* and, as a consequence, that defendant adequately preserved his argument on appeal.

In his motion to dismiss, defendant relied on ORS 807.020(1), which provides that "[a] person who is not a resident of this state or who has been a resident of this state for less than 30 days may operate a motor vehicle without an Oregon license or driver's permit if the person holds a current out-of-state license issued to the person." The difficulty for defendant was that, by its terms, that exemption applies only to violations of ORS 807.010, which provides, in part, that a person commits the offense of operating a vehicle without driving privileges if the person operates a motor vehicle upon a highway or premises open to the public in this state without Oregon driving privileges. As the trial court and the prosecutor noted, defendant was not charged with operating his vehicle without an Oregon driver's license. Accordingly, ORS 807.020(1) did not assist him.

Defendant pursued the same mistaken theory at trial, asserting that, because he was a Nevada resident and had a valid Nevada driver's license, he could not be prosecuted for failing to have an Oregon driver's license. However, unlike in *Jackson*, defendant's argument also was entirely relevant to the issue of the deficiency of the state's case under ORS 807.570, the statute under which he was prosecuted. In particular, in his motion to dismiss, defendant argued that his possession of a valid Nevada license constituted a complete defense to the charge under ORS 807.570. Although he did not cite subsection (3) of that statute, the facts on which he relied implicated its terms. Thus, unlike in *Jackson*, except for his reliance on the wrong statute for his defense, defendant's argument about the deficiency in the state's case—the undisputed evidence that he had a valid out-of-state license—was the same both at trial and on appeal. If anything, the claim of error was better preserved here than in *Smith*, because the dispositive statutory "context" in this case is a provision of the statute under which defendant was charged, not an entirely different statute. Because defendant relies on the statute under which he was charged, he may fairly rely on all of its provisions as context to support the argument that he made at trial concerning the deficiency in the state's case.

Moreover, ORS 807.570(3) sets out a "defense," but does not label it as an affirmative defense. Under ORS 161.055(1), when a defense other than an affirmative defense is raised at trial, the state has the burden of disproving it beyond a reasonable doubt. ORS 161.055(3) provides: "The state is not required to negate a defense as defined [at trial] unless it is raised by the defendant. *'Raised by the defendant'* means either notice in writing to the state before commencement of trial or *affirmative evidence by a defense witness in the defendant's case in chief*." (Emphases added.)

In this case, the state asserts that defendant failed to preserve his argument on appeal because he did not "raise the defense available to him under ORS 807.570(3), either by bringing the statute to the court's attention or by asking for an appropriate jury instruction." That, however, is not what defendant had to do in order to "raise" the defense. Defendant persisted in his effort to introduce evidence that he had a

valid Nevada driver's license throughout the trial, including through direct examination of a witness in his case-in-chief. He was required to do no more in order to raise the defense. ORS 161.055(3). Accordingly, the trial court erred in excluding the proferred evidence.

Because defendant's argument was adequately preserved and the undisputed evidence established a complete defense to the alleged violation of ORS 807.570, the trial court erred in denying defendant's motion to dismiss and in excluding defendant's proffered evidence that he had a valid Nevada driver's license at the time of his arrest.

Conviction under ORS 807.570 reversed; otherwise affirmed.