Submitted on record and briefs October 13, affirmed November 10, 1980

# DANIEL ELLIS DeCOSTA,
*Appellant,*
v.
# CUPP,
*Respondent.*

(No. 112,153, CA 16968)

619 P2d 287

Daniel Ellis DeCosta, Salem, submitted the brief for appellant, pro se.

James M. Brown, Attorney General, John R. McCulloch, Jr., Solicitor General, William F. Gary, Deputy Solicitor General, and Jan P. Londahl, Assistant Attorney General, Salem, filed the brief for respondent.

Before Gillette, Presiding Judge, and Roberts and Campbell, Judges.

GILLETTE, P. J.

## GILLETTE, P. J.

Appellant sought post-conviction relief in the Circuit Court for Marion County contending that: (1) the state had failed to scrupulously observe a plea bargain; (2) appellant was denied assistance of effective trial counsel, and (3) appellant was denied assistance of effective appellate counsel. The trial court denied relief, and this appeal followed. We affirm.

With respect to the appellant's first two contentions at the trial, the trial court found that he had failed to substantiate them by a preponderance of the evidence. He does not challenge the trial court's decision with regard to those two matters here. Rather, he confines his appeal to the trial court's finding with respect to his third contention.

Appellant's third contention at trial was that he had been denied assistance of effective appellate counsel in that the Oregon Public Defender had not filed a timely notice of appeal in his case. The trial court found that the Oregon Public Defender had not filed a timely notice of appeal, but further held that, in any event, "petitioner could not have presented a meritorious appeal." The trial judge concluded, therefore, that "* * * [appellant] was not prejudiced by the omission." We agree.

There can be little doubt that the failure to file a timely notice of appeal denied the appellant effective assistance of counsel. *See, e.g., Shipman v. Gladden,* 253 Or 192, 453 P2d 921 (1969); *Welch v. Gladden,* 253 Or 228, 453 P2d 907 (1969). However, this does not end the inquiry. There may be circumstances in which it appears that, had a timely notice of appeal been filed, it would have availed defendant nothing. This is such a case.

Defendant claims that "* * * the issue for which he would have appealed his conviction and sentence was that of the imposition of consecutive sentences which were unsupported by statutory authorization." Such a contention, had it been made on appeal, could not have been successful. *See State v. Jones,* 250 Or 59, 440 P2d 371 (1968). We conclude that, under the peculiar facts of this case, the trial court correctly reasoned that the petitioner was not entitled to post conviction relief.

Affirmed.