## THOMAS LEE DANIEL,
*Respondent,*

*v.*

## CUPP,
*Appellant.*

## (No. 108,312, CA 19829)

636 P2d 452

Jan Peter Londahl, Assistant Attorney General, Salem, argued the cause for appellant. With him on the brief were Dave Frohnmayer, Attorney General, John R. McCulloch, Jr., Solicitor General, and William F. Gary, Deputy Solicitor General, Salem.

A. Carl Myers, Salem, argued the cause for respondent. With him on the brief was Ramsay, Stein, Feibleman & Myers, Salem.

Before Richardson, Presiding Judge, and Thornton and Van Hoomissen, Judges.

RICHARDSON, P. J.

## RICHARDSON, P. J.

The state appeals an order in a post-conviction proceeding which granted petitioner a delayed appeal of his conviction. We affirm.

The facts are not in dispute. After a jury trial, petitioner was found guilty of robbery in the first degree. He was represented by appointed counsel at trial. Following his conviction, he requested that his appointed attorney file a notice of appeal. At the sentencing hearing, defendant's counsel requested that the court set bail on appeal. The request was denied, and defendant was sentenced to 15 years incarceration. After he arrived at the penitentiary, he wrote a letter to the public defender requesting that an appeal be undertaken. No notice of appeal was filed, and defendant received no response from the public defender. Petitioner filed a *pro se* petition for post-conviction relief, alleging he was denied effective assistance of counsel. He was represented by appointed counsel in the post-conviction proceeding.

The court found petitioner had been denied due process of law, because of ineffective assistance of counsel, and ordered that petitioner be allowed thirty days from the date of the order to file a notice of appeal of his conviction.

The state, while conceding petitioner was denied effective assistance of counsel, argues that in order to obtain relief, he must establish that there are meritorious grounds for an appeal. This contention was urged in the trial court and rejected. The state cites *Rook v. Cupp,* 18 Or App 608, 526 P2d 605, *rev den* (1974), and *DeCosta v. Cupp,* 49 Or App 119, 619 P2d 287 (1980), in support of its contention.

In *Rook,* the petitioner, in a post-conviction proceeding, claimed his appointed appellate counsel was ineffective because he had not presented certain issues on appeal that petitioner claimed had merit. The issue was whether his counsel, in prosecuting the appeal, had been effective. We affirmed dismissal of his petition on the ground that appellate counsel was not ineffective. We noted that that issue was different from the issue involved in *Anders v. California,* 386 US 738, 87 S Ct 1396, 18 L Ed

2d 493 (1967), and *Shipman v. Gladden,* 253 Or 192, 453 P2d 921 (1969), where counsel's failures had totally deprived their clients of appellate review. *Rook* does not support the proposition urged by the state.

*DeCosta v. Cupp, supra,* was an appeal from dismissal of the petitioner's request for post-conviction relief. He had alleged, *inter alia,* that he had been denied assistance of effective counsel because his appointed attorney had failed to file a timely notice of appeal. He contended the issue he would have raised on appeal was that the trial court had no authority to impose consecutive sentences. We stated that there is little doubt that the failure to file a timely notice of appeal denied petitioner effective assistance of counsel, and said:

> "* * * However, this does not end the inquiry. There may be circumstances in which it appears that, had a timely notice of appeal been filed, it would have availed defendant nothing. * * *" 49 Or App at 121.

We concluded, on the basis of *State v. Jones,* 250 Or 59, 440 P2d 371 (1968), that had petitioner urged the consecutive sentence issue on appeal, he would not have been successful.

Arguably, *DeCosta* could be read as holding that a defendant who has been denied access to the appellate courts because of the failure of his counsel to file a timely notice of appeal must show he has arguably meritorious grounds for appeal in order to obtain post-conviction relief in the form of a delayed appeal. However, *DeCosta* is distinguishable and limited to the particular facts involved. There, petitioner specifically set forth the sole issue he would have raised on appeal; that precise issue had previously been decided by the Supreme Court adversely to his position.

A person convicted of an offense has a right to appeal his conviction. The appellate process includes not only the right of direct review by the Court of Appeals, but also the right to petition for review of the Court of Appeals' decision by the Supreme Court. Appellate review is by a collegial body. When a defendant's counsel fails to file a notice of appeal he is denied access to the complete appellate process. If indigent, a defendant is entitled to appointed counsel and to a transcript at public expense. Until

a notice of appeal is filed, an indigent defendant is not entitled to request a free transcript. He is thus at a disadvantage in determining what claims of error to urge.

The proposition urged by the state would deny a defendant access to the appellate process unless he could establish meritorious grounds for appeal. Two United States Supreme Court cases indicate a contrary result. In *Eskridge v. Washington Prison Bd.,* 357 US 214, 78 S Ct 1061, 2 L Ed 2d 1269 (1958), the defendant, an indigent, filed a notice of appeal and requested a free transcript, as authorized by state statute. The trial judge denied his request, finding that " 'justice would not be promoted . . . in that defendant has been accorded a fair and impartial trial, and in the Court's opinion no grave or prejudicial errors occurred therein.' " The Supreme Court, reversing the trial court's denial of a transcript, said:

"* * * The conclusion of the trial judge that there was no reversible error in the trial cannot be an adequate substitute for the right to full appellate review available to all defendants in Washington who can afford the expense of a transcript. * * *" 357 US at 216.

Although the decision was based on equal protection grounds, the principle emerges that a trial court cannot deny a defendant effective access to full appellate review by determining that there are no grounds for appeal.

The Court in *Anders v. California, supra,* cited *Eskridge* as a basis of its decision. In *Anders,* the defendant's court appointed counsel filed a notice of appeal and, after a review of the transcript, submitted a letter to the appellate court stating he found no merit to the appeal and asked leave to withdraw as counsel. The Court held it was not sufficient merely for *appellate counsel* to review the record and determine if defendant had meritorious grounds for appeal; that determination is for the appropriate appellate court to make in protecting defendant's right to adequate assistance of counsel.

*Eskridge* and *Anders* indicate that the appellate court, not the trial court or defendant's counsel, is the proper body to determine if there is merit to an appeal in a criminal case. *Anders* holds that a mere determination by counsel that an appeal is frivolous, without more, is not

adequate assistance of counsel. *Eskridge* holds that a finding by a trial court that there is no merit to an appeal is not an adequate substitute for full appellate review.

The same rationale would apply when inadequate assistance of counsel has denied a convicted person access to the appellate process because no notice of appeal was timely filed. In *Shipman v. Gladden, supra,* involving the failure of retained counsel to file a notice of appeal, the court said:

> "* * * The failure to perform the simple procedure of timely filing a notice of appeal is not the 'effective' assistance of counsel required by *Powell v. Alabama* [287 US 45, 53 S Ct 55, 77 L Ed 158, 84 ALR 527 (1932)], nor the diligent advocacy required by *Anders v. California [supra].* The failure of counsel to timely file a notice of appeal after he has been requested or agreed to do so is incompetence as a matter of law and a denial of due process. * * *" 253 Or at 199.

The court granted Shipman a delayed appeal. There was no indication of any requirement that petitioner had to show that his appeal had merit. We hold that when a convicted defendant has been denied effective assistance of counsel because his counsel did not timely file a notice of appeal, he is entitled to a delayed appeal without establishing, as a precondition, that his appeal would be meritorious.

Affirmed.