Submitted March 18, affirmed August 13, petition for review denied
October 23, 2014 (356 Or 400)

SHAWN W. FIELD,
*Petitioner-Appellant,*

*v.*

Rick COURSEY,
Superintendent,
Eastern Oregon Correctional Institution,
*Defendant-Respondent.*

Umatilla County Circuit Court
CV101492; A150431

333 P3d 340

Erin Galli and Chilton & Galli, LLC, filed the brief for appellant.

Mary H. Williams, Deputy Attorney General, Anna M. Joyce, Solicitor General, and Carson L. Whitehead, Assistant Attorney General, filed the brief for respondent.

Before Sercombe, Presiding Judge, and Hadlock, Judge, and Tookey, Judge.

TOOKEY, J.

## TOOKEY, J.

Petitioner appeals a judgment denying his petition for post-conviction relief. He argues that he received inadequate assistance of appellate counsel when, after his judgment of conviction was affirmed by this court, appellate counsel failed to file either a petition for review with the Oregon Supreme Court or a motion to withdraw as counsel. Because petitioner failed to preserve his arguments regarding the nature of the alleged prejudice that he suffered as a result of appellate counsel's representation, we do not address them on appeal and, accordingly, we affirm the decision of the post-conviction court.

The following procedural facts are not in dispute. Following a jury trial, defendant was convicted of murder, ORS 163.115; assault, ORS 163.175; criminal mistreatment, ORS 163.205; and manufacture of a controlled substance, *former* ORS 475.999 (2003), *renumbered as* ORS 475.904 (2005). Petitioner appealed to this court, challenging three of the trial court's rulings: (1) the denial of a motion to suppress petitioner's statements; (2) the denial of a motion for a mistrial; and (3) the imposition of consecutive sentences. We affirmed the judgment of conviction in September 2009. *State v. Field*, 231 Or App 115, 218 P3d 551 (2009).

In October 2010, petitioner initiated post-conviction proceedings. In a formal petition for post-conviction relief, petitioner claimed, among other things, that appellate counsel had provided inadequate assistance following his direct appeal in the Court of Appeals:

> "Petitioner *** alleges that he was denied effective assistance of appellate counsel in violation of Article I, section 11 of the Oregon Constitution and the 6th Amendment of the U.S. Constitution, made applicable to the states by the 14th Amendment to the United States Constitution and *Strickland v. Washington* [466 US 668, 104 S Ct 2052, 80 L Ed 2d 674 (1984)] in the following manner:

> "a.  Appellate Counsel was ineffective in failing to keep Petitioner fully informed of the status of his appeal, therefore causing Petitioner to lose additional time that may be required in order to file his federal habeas corpus.

"b. Appellate Counsel was ineffective in failing to assist Petitioner in what steps he needed to take in order to further preserve his constitutional rights.

"c. Appellate [C]ounsel was ineffective in failing to adequately communicate with Petitioner regarding the status of his appeal and the next procedural steps Petitioner would need to take in order once his appeal was final."

At the post-conviction trial, petitioner provided evidence that, beginning in April 2010, he had repeatedly asked appellate counsel about the status of his appeal, and that he had asked appellate counsel to "please withdraw from his services so that he could continue on his appellate process with *** a public defender or court-appointed attorney." Petitioner stated that he had "received absolutely no response from [appellate counsel] regarding what was going on [or] what [he] needed to do." Petitioner stated that, as a result, he "lost some very precious time for his federal habeas corpus time," and that appellate counsel "did not actually even file a motion to withdraw until October of 2010 so that [petitioner] could go forward on his process."

For its part, the state[1] relied on the trial memorandum that it had submitted to the post-conviction court. In that memorandum, the state asserted that, "[i]n order to prevail on a claim of ineffective assistance of appellate counsel, petitioner must establish '(1) a competent appellate counsel would have asserted the claim, and (2) that had the claim of error been raised, it is more probable than not that the result would have been different.'" (quoting *Guinn v. Cupp*, 304 Or 488, 496, 747 P2d 984 (1987)). The state contended that petitioner had failed to state a claim for relief, because petitioner's alleged prejudice—"los[ing] additional time that may be required in order to file his federal habeas corpus"—was a "prospective[,] potential harm" that had "nothing to do with the proceedings that resulted in conviction." According to the state, petitioner's three claims "fail[ed] to show how petitioner's constitutional rights were violated in the underlying criminal proceedings." The state added that, even if petitioner's complaints stated a claim for

---

[1] Defendant is the superintendent of the Eastern Oregon Correctional Institution. For clarity, we refer to defendant in these post-conviction proceedings as "the state."

post-conviction relief, petitioner had failed to submit sufficient evidence to prove his claims.

The post-conviction court denied petitioner's petition, stating, "in short, I would say that I agree a hundred percent with [the state]." Regarding petitioner's three claims of inadequate assistance of appellate counsel, the court stated, "I see no basis in post-conviction for these at all, and so they—they don't even state a claim."[2] Petitioner now appeals.

On appeal, petitioner argues that appellate counsel was inadequate when he failed to either file a petition for review in the Supreme Court or take steps to withdraw as counsel so that petitioner could "pursue other options." He contends that appellate counsel's failure to act prejudiced him in two ways: first, he lost the opportunity to seek review from the Supreme Court, which "could have resulted in the reversal of his convictions"; second, he will likely be foreclosed from raising claims for habeas corpus relief in federal court because he was unable to exhaust his state remedies.

Our review in post-conviction proceedings is for legal error. ORS 138.650; ORS 138.220. A petitioner is entitled to post-conviction relief if he establishes "[a] substantial denial in the proceedings resulting in petitioner's conviction, or in the appellate review thereof, of petitioner's rights under the Constitution of the United States, or under the Constitution of the State of Oregon, or both, and which denial rendered the conviction void." ORS 138.530(1)(a). When a petitioner claims that he received inadequate assistance of legal counsel in violation of Article I, section 11, of the Oregon Constitution, the petitioner must show, by a preponderance of the evidence, that counsel "failed to exercise reasonable professional skill and judgment and that the petitioner suffered prejudice as a result." *Holloway v. Gower*, 225 Or App 176, 180, 200 P3d 584 (2009) (citing *Trujillo v. Maass*, 312 Or 431, 435, 822 P2d 703 (1991)). In *Holloway*, we also noted that "[t]o prevail under the Sixth Amendment [to the United States Constitution], a petitioner must prove that counsel's performance 'fell below an objective standard

---

[2] The post-conviction judgment does not indicate that the petition was dismissed as meritless pursuant to ORS 138.525, and as such, is not appealable.

of reasonableness * * * under prevailing professional norms' and that there is a 'reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" *Id.* (quoting *Strickland*, 466 US at 694) (omission in *Holloway*).

Similarly, the Oregon Supreme Court has explained that

"[a] plaintiff seeking post-conviction relief stemming from a claim of inadequate assistance of appellate counsel for failing to assert a claimed error must establish (1) that a competent appellate counsel would have asserted the claim, and (2) that had the claim of error been raised, it is more probable than not that the result would have been different. In short, the post-conviction plaintiff must show that he or she was prejudiced."

*Guinn*, 304 Or at 496. Thus, a petitioner seeking post-conviction relief based on a claim that appellate counsel failed to assist him in filing a petition for review in the Supreme Court must establish that (1) a competent appellate counsel would not have failed to assist petitioner in filing a petition for review and (2) had appellate counsel assisted petitioner in filing a petition for review, it is more probable than not that the result would have been different.[3]

Here, petitioner failed to sufficiently preserve before the post-conviction court the arguments that he now makes regarding prejudice. Accordingly, he cannot prevail on his challenge to that court's ruling.

---

[3] We note that when a petitioner seeks post-conviction relief based on a claim that counsel failed to file a timely notice of appeal after trial, the deprivation of appellate review is itself sufficient to satisfy the prejudice requirement. *See Shipman v. Gladden*, 253 Or 192, 199, 203, 453 P2d 921 (1969) (stating that "[t]he failure of counsel to timely file a notice of appeal after he has been requested or agreed to do so is incompetence as a matter of law and a denial of due process" and "[s]ince the state's criminal process would be found lacking in fundamental fairness if it permitted the deprivation of appellate review by the culpable neglect of counsel, the state must provide a remedy adequate to restore the impaired right"); *Daniel v. Cupp*, 54 Or App 824, 829, 636 P2d 452 (1981), *rev den*, 293 Or 103 (1982) (when a petitioner's counsel fails to timely file a notice of appeal, he is entitled to a delayed appeal "without establishing, as a precondition, that his appeal would be meritorious"). However, this case is distinguishable from *Shipman* and *Daniel* because petitioner in this case, unlike a petitioner whose counsel's actions deprived him of appellate review, had already had appellate review in the Court of Appeals.

ORAP 5.45(1) provides that, "[n]o matter claimed as error will be considered on appeal unless the claimed error was preserved in the lower court * * *." *See also Ailes v. Portland Meadows, Inc.*, 312 Or 376, 380, 823 P2d 956 (1991) (noting that, generally, an issue must have been preserved in the trial court for the appellate court to address it on appeal). We have a "duty to determine, *sua sponte*, whether the arguments that an appellant raises on appeal are adequately preserved for our review." *State v. Cossette*, 256 Or App 675, 680, 301 P3d 954 (2013). As we have explained, "[p]reservation principles apply in the context of post-conviction relief and, as a general rule, arguments not made to the post-conviction court in support of a claim will not be considered on appeal." *Hale v. Belleque*, 255 Or App 653, 660, 298 P3d 596, *adh'd to on recons*, 258 Or App 587, 312 P3d 533, *rev den*, 354 Or 597, 312 P3d 533 (2013). The preservation requirement serves several goals, including judicial efficiency, fairness to opposing parties, and full development of the record. *Peeples v. Lampert*, 345 Or 209, 219-20, 191 P3d 637 (2008). As the Oregon Supreme Court has explained, "a party must provide the trial court with an explanation of his or her objection that is specific enough to ensure that the court can identify its alleged error with enough clarity to permit it to consider and correct the error immediately, if correction is warranted." *State v. Wyatt*, 331 Or 335, 343, 15 P3d 22 (2000). In sum, the petitioner "must have alerted the trial judge and opposing counsel to the substance of the position that is advanced on appeal." *State v. Taylor*, 198 Or App 460, 469, 108 P3d 682, *rev den*, 339 Or 66 (2005).

As noted above, petitioner's petition for post-conviction relief alleged that appellate counsel was "ineffective in failing to keep Petitioner fully informed of the status of his appeal, therefore causing Petitioner to lose additional time that may be required in order to file his federal habeas corpus"; that appellate counsel was "ineffective in failing to assist Petitioner in what steps he needed to take in order to further preserve his constitutional rights"; and that appellate counsel was "ineffective in failing to adequately communicate with Petitioner regarding the status of his appeal and the next procedural steps" he needed to take once his appeal was final. Petitioner's arguments in the proceeding

before the post-conviction court mirrored those set forth in his petition.

On appeal, however, petitioner first argues that Oregon Supreme Court review "could have resulted in the reversal of his convictions" and second, that he will "likely be foreclosed" from raising claims for federal habeas corpus relief, because he has been prevented him from exhausting his state remedies, and therefore may be found to have procedurally defaulted. *See* 28 USC § 2254(b)(1)(A) ("An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that * * * the applicant has exhausted the remedies available in the courts of the State[.]"); *but see Coleman v. Thompson*, 501 US 722, 750, 111 S Ct 2546, 115 L Ed 2d 640 (1991) (federal court can consider the merits of a procedurally defaulted claim if the petitioner can demonstrate "cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice").

As such, the arguments presented to the post-conviction court were qualitatively different from those now presented to this court. While in his petition for post-conviction relief and in proceedings before the post-conviction court, petitioner argued that appellate counsel did not keep him fully informed of the status of his appeal, failed to assist him in what steps he needed to take in order to further preserve his constitutional rights, and failed to adequately communicate with him regarding the status of his appeal, neither in his petition nor in the proceeding before the post-conviction court did petitioner advance the arguments he now makes before this court.

Regarding petitioner's first argument on appeal, petitioner did not argue to the post-conviction court that he might have prevailed in the Oregon Supreme Court, or present or explain the basis on which he believes that his criminal conviction could have been overturned. As a result, petitioner's arguments in the proceeding before the post-conviction court would not "have alerted the [post-conviction trial] judge and opposing counsel to the substance of the

position that is advanced on appeal." *Taylor,*198 Or App at 469.

Similarly, regarding petitioner's second argument on appeal, petitioner did not argue to the post-conviction court that he will likely be foreclosed from raising claims for habeas corpus relief in federal court because he was unable to exhaust his state remedies. Thus, as with petitioner's first argument on appeal, the petitioner's arguments in the proceeding before the post-conviction court would not "have alerted the [post-conviction trial] judge and opposing counsel to the substance of the position that is advanced on appeal." *Id.*

Because petitioner failed to preserve his arguments regarding the nature of the alleged prejudice that he suffered as a result of appellate counsel's representation, we do not address them on appeal and, accordingly, we affirm the decision of the post-conviction court.

Affirmed.