Submitted March 11, 2020, reversed and remanded December 1, 2021

DAVID JON DICKERSON,
*Petitioner-Appellant,*

*v.*

Corey FHUERE,
Superintendent,
Shutter Creek Correctional Institution,
*Defendant-Respondent.*

Coos County Circuit Court
17CV52400; A168534

501 P3d 1072

In this post-conviction proceeding, petitioner contends that he was errone-ously denied relief in the form of a delayed appeal from his criminal convictions, because his trial counsel was constitutionally inadequate by failing to ensure that a notice of appeal was filed to initiate a direct appeal. Despite acknowledging that petitioner may have expressed a "vague wish" to appeal, the post-conviction court denied petitioner relief. *Held*: The post-conviction court's decision was based on an error of law and, as a result of that error, the court never made the factual determinations necessary to allow for resolution of petitioner's claim under the correct legal standard. Accordingly, the Court of Appeals reversed and remanded for the post-conviction court to consider petitioner's claim under the correct legal standard.

Reversed and remanded.

Brett A. Pruess, Judge.

Jedediah Peterson and O'Connor Weber, LLC, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Jordan R. Silk, Assistant Attorney General, filed the brief for respondent.

Before Lagesen, Presiding Judge, and Powers, Judge, and Kamins, Judge.

POWERS, J.

Reversed and remanded.

**POWERS, J.**

In this post-conviction proceeding, petitioner contends that he was erroneously denied relief in the form of a delayed appeal from his criminal convictions, because his trial counsel was constitutionally inadequate by failing to ensure that a notice of appeal was filed to initiate a direct appeal. Despite acknowledging that petitioner may have expressed a "vague wish" to appeal, the post-conviction court denied petitioner relief. As explained below, because the post-conviction court's decision was based on an error of law and, as a result of that error, the court never made the necessary factual findings, we reverse and remand for the court to consider petitioner's claim under the correct legal standard.

We review a post-conviction court's determination for legal error and we are bound by the court's factual findings if they are supported by the evidence in the record. *Baranovich v. Brockamp*, 279 Or App 52, 53, 379 P3d 702 (2016). To the extent that the post-conviction court did not make explicit factual findings, we presume that it would have found those facts consistent with its ultimate legal conclusions. *Id.*

Petitioner was convicted after a jury trial of second-degree assault, ORS 163.175, menacing, ORS 163.190, resisting arrest, ORS 162.315, and interfering with a peace/parole and probation officer, ORS 162.247. Petitioner did not appeal. He later filed for post-conviction relief, asserting that his trial counsel was ineffective and inadequate under Article I, section 11, of the Oregon Constitution, and the Sixth Amendment to the United States Constitution for failing to advise him of his right to appeal and for failing to file a notice of appeal.

In support of his claims, petitioner submitted a declaration in which he averred that he had communicated his desire to appeal to his trial counsel but that his counsel took "no steps" to file a notice of appeal. His declaration also stated that at "the conclusion of being sentenced, [his] right to appeal and how to do so was never explained to [him] by the judge or [his] attorney." At the post-conviction hearing, petitioner testified that "immediately after being convicted,"

he told his trial counsel that he wanted to appeal his case and that his counsel did not respond "at all." Petitioner also testified that, after he told his counsel that he wanted to appeal, counsel just "look[ed] at [petitioner] fearfully because [counsel] knew he had wronged [petitioner]" and that, ultimately, counsel never followed up with petitioner about the request to appeal. Finally, petitioner testified that he was unhappy with his counsel's performance, or "lack of performance," and "wanted nothing to do with that man ever again."

In response, the superintendent offered a declaration from petitioner's trial counsel, which provided, in part:

"[Petitioner] asserts that I did not sufficiently advise him of his right to appeal and that I provided ineffective assistance of counsel by not filing a notice of appeal. I do not have an independent memory of advising [petitioner] of his right to appeal. I can say that as a matter of routine, I make a point to discuss the possibility of appeal with all of my clients. I know that it is required of me. I believe it is likely that I had that discussion with [petitioner], but I cannot confirm with certainty that I did.

"After I've discussed a client's right to appeal, if he or she wishes to appeal, then I will discuss with the client whether I believe any claims are colorable or not. If a client wants me to send the referral to OPDS [the Office of Public Defense Services], then I will send it, regardless of whether I believe any claims are colorable or not. I can say the same thing for this conversation as I can for the discussion about [petitioner's] rights to appeal. I do not specifically remember having this conversation, but it was my standard practice to do so and I believe I would have done it."

Ultimately, the post-conviction court denied relief, concluding that petitioner failed to prove by a preponderance of the evidence that trial counsel's actions were constitutionally deficient:

"It's the court's finding that [petitioner] was aware of his right to appeal, as testified to, and though he may have expressed a vague wish to appeal during brief conversations post-conviction, pre-sentencing, or even post-sentencing, but that vague wish to appeal did not advise to a direction or a request to appeal with his trial counsel.

"And I find it highly unlikely that [petitioner] would even want his trial attorney to take further action on his behalf, given his feelings, [petitioner]'s feelings about his counsel and the performance of his counsel at trial."

This timely appeal followed.

On appeal, petitioner renews his claim that defense counsel was inadequate for failing to file a notice of appeal. Specifically, petitioner argues that, under *Shipman v. Gladden*, 253 Or 192, 199, 453 P2d 921 (1969), the failure of trial counsel to timely file an appeal after a client requests to appeal "is incompetence as a matter of law and a denial of due process." Petitioner asserts that, even if he informed counsel of only a "vague wish to appeal," as the post-conviction court indicated, a "vague wish" of an appeal is sufficient to trigger a criminal defense attorney's duty to safeguard his right to appeal—especially considering that his counsel "preserved two pretrial motions."

The superintendent remonstrates that "the post-conviction court's 'vague wish' statement reflects a finding that petitioner's testimony that he repeatedly and directly told trial counsel to appeal was insufficiently persuasive to carry his burden of proving by a preponderance of the evidence that he adequately conveyed to trial counsel his interest in appealing." The superintendent argues that the post-conviction court's "vague wish" statement when viewed in the context of the evidentiary record, simply reflects the court's broader conclusion that, whatever petitioner "may" have said to trial counsel, "petitioner failed to prove that he adequately conveyed to trial counsel his interest in appealing."

A petitioner is entitled to post-conviction relief under ORS 138.530 when "there has been a 'substantial denial' of a petitioner's 'rights under the Constitution of the United States, or under the Constitution of the State of Oregon, or both, and which denial rendered the conviction void.'" *Green v. Franke*, 357 Or 301, 311, 350 P3d 188 (2015) (quoting ORS 138.530(1)(a)).[1] In evaluating whether

_____

[1] Although we interpret and apply Article I, section 11, independently of the Sixth Amendment, the Oregon Supreme Court "has nevertheless recognized that

a petitioner's counsel has provided inadequate assistance of counsel under the Oregon Constitution, we determine whether the petitioner demonstrated by a preponderance of the evidence that (a) petitioner's counsel failed to exercise reasonable professional skill and judgment and (b) counsel's deficient performance had a tendency to affect the result of his trial. *Montez v. Czerniak*, 355 Or 1, 7, 322 P3d 487, *adh'd to as modified on recons*, 355 Or 598, 330 P3d 595 (2014). Stated differently, a petitioner must prove by a preponderance of the evidence that his, her, or their trial counsel failed to exercise reasonable professional skill and judgment and that, because of that failure, the petitioner suffered prejudice. *Pereida-Alba v. Coursey*, 356 Or 654, 661-62, 342 P3d 70 (2015). Where a claim of inadequate assistance of counsel is based on counsel's failure to protect the petitioner's appeal rights—either by failing to advise the petitioner of those rights or by failing to file a notice of appeal—the standard for establishing prejudice is different. *See Lambert v. Premo*, 274 Or App 380, 385, 360 P3d 720 (2015) (explaining that a broader conception of prejudice applies to claims of inadequate assistance of counsel based on failure to protect a client's appeal rights).

In cases where "a petitioner seeks post-conviction relief based on a claim that counsel failed to file a timely notice of appeal after trial, the deprivation of appellate review is itself sufficient to satisfy the prejudice requirement." *Field v. Coursey,* 264 Or App 724, 728 n 3, 333 P3d 340, *rev den*, 356 Or 400 (2014). The Supreme Court has held that the "failure of counsel to timely file a notice of appeal after [defense counsel] has been requested or agreed to do so is incompetence as a matter of law and a denial of

---

the standards for determining the adequacy of legal counsel under the state constitution are functionally equivalent to those for determining the effectiveness of counsel under the federal constitution." *Montez v. Czerniak*, 355 Or 1, 6-7, 322 P3d 487, *adh'd to as modified on recons*, 355 Or 598, 330 P3d 595 (2014). Moreover, if a petitioner prevails under Article I, section 11, as petitioner does in this case, "we do not consider his claims under the Sixth Amendment." *Id*. at 7 n 3; *see also State v. T. T.*, 308 Or App 408, 416, 479 P3d 598, *rev den*, 368 Or 37 (2021) ("Under our well established first things first approach, any discussion of a potential federal constitutional violation is premature until we determine whether the state's law has deprived defendants of the rights they seek to vindicate under the United States Constitution." (Internal quotation marks and ellipses omitted.)).

due process." *Shipman*, 253 Or at 199.[2] Accordingly, "when a post-conviction petitioner establishes that [defense counsel] inadequately failed to protect the petitioner's right to appeal, the petitioner generally is entitled to post-conviction relief in the form of a delayed appeal of the underlying criminal conviction—without having to establish any meritorious claim of error to raise in that appeal." *Lambert*, 274 Or App at 385-86 (emphasis omitted); *see also Strasser v. State of Oregon*, 368 Or 238, 250 n 8, 489 P3d 1025 (2021) (noting that in three cases in which trial counsel failed to timely file an appeal for a client, the "essential takeaway is the same: Counsel's performance is ineffective and deficient if he or she fails to timely file a notice of appeal after the client has requested that he or she do so—regardless of counsel's own assessment of the potential merits of such an appeal").

In this case, we reverse and remand because the post-conviction court's decision was based on an error of law and, as a result of that error, the court never made the factual determinations necessary to allow for resolution of petitioner's claim under the correct legal standard. As we understand the post-conviction court's ruling, it did not make findings about what, exactly, petitioner communicated to counsel about his desire to appeal. Instead, the court determined that the most that petitioner "may" have communicated to counsel was a "vague wish" to appeal, meaning that petitioner was not entitled to relief because, in its view, a "vague wish" is not legally sufficient to trigger the

---

[2] The rule announced in *Shipman* may not be absolute. *See Strasser v. State of Oregon*, 368 Or 238, 259, 489 P3d 1025 (2021) (observing that, because the petitioner failed to prove that counsel's failure to timely file a motion for leave to file a late notice of appeal constituted deficient performance, the court "need not consider whether he has satisfied—or needs to satisfy—the second (prejudice) requirement in order to hold that he failed to prove his claim that he was denied constitutionally effective assistance of counsel on appeal"). Although not applicable to this case, it is worth noting out of a sense of completeness that a petitioner is not entitled to post-conviction relief when the petitioner's claim identifies a specific appellate issue that would not have been successful had it been raised. In such a case, we have held that, notwithstanding *Shipman*, the petitioner cannot prove prejudice by defense counsel's failure to file a notice of appeal. *See DeCosta v. Cupp*, 49 Or App 119, 121, 619 P2d 287 (1980) (holding that the petitioner was not entitled to post-conviction relief, even though his lawyer had failed to file a timely notice of appeal, because the petitioner had identified a specific issue that he would have raised on appeal and "[s]uch a contention, had it been made on appeal, could not have been successful").

obligation to file a notice of appeal. That legal conclusion, as we have explained, is incorrect; if petitioner communicated a wish to appeal, vague or otherwise, petitioner is entitled to post-conviction relief. We therefore reverse and remand for the post-conviction court to address the factual issues that must be resolved to decide petitioner's claim.

On remand, if the post-conviction court determines that petitioner did indeed express a desire for an appeal—even if it was a "vague wish"—the legal consequence of such a finding is the same whether it was vague or definite: Petitioner is entitled to post-conviction relief. *See Shipman*, 253 Or at 204 ("[T]he Post-Conviction Hearing Act authorizes the granting of a delayed appeal when necessary to rectify a substantial denial of constitutional rights."). Defense counsel fails to exercise professional skill and judgment (*i.e.* performs deficiently) by not acting on the client's request to file a notice of appeal, even if the request is a bare expression of that desire. Further, a post-conviction petitioner need not identify a winning assignment of error to demonstrate prejudice under these circumstances. If, on the other hand, the post-conviction court finds that petitioner's statements to counsel did not form the basis of a request for an appeal or that petitioner otherwise failed to carry his burden of persuasion, then the court must deny petitioner relief. Accordingly, we reverse and remand for further proceedings consistent with this opinion.

Reversed and remanded.