Submitted November 21, 2022, affirmed February 23, 2023

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

ANDREW JOHN BRUNKAL,
*Defendant-Appellant.*

Polk County Circuit Court
15CR14320; A175795

525 P3d 500

This is a delayed appeal pursuant to a grant of post-conviction relief. Defendant appeals a judgment of conviction for multiple sexual offenses committed against two children. He assigns error to the trial court's denial of his motion to strike an officer's testimony regarding defendant's failure to deny the victims' allegations of inappropriate touching when the officer first informed defendant of them. Defendant relies, in part, on the state's concession in the post-conviction proceedings that defendant had preserved an OEC 403 challenge. *Held*: The Court of Appeals has an independent obligation to determine whether an argument advanced on appeal was preserved at trial. *Vokoun v. City of Lake Oswego*, 189 Or App 499, 508, 76 P3d 677 (2003), *rev den*, 336 Or 406 (2004). Defendant's motion to strike did not preserve the evidentiary challenges he raised on appeal. For that reason, the court did not reach them.

Affirmed.

Sally L. Avera, Judge.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, Office of Public Defense Services, and Sara F. Werboff, Deputy Public Defender, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Peenesh Shah, Assistant Attorney General, filed the brief for respondent.

Before Aoyagi, Presiding Judge, and Lagesen, Chief Judge, and Jacquot, Judge.

LAGESEN, C. J.

Affirmed.

## LAGESEN, C. J.

This is a delayed appeal pursuant to a grant of post-conviction relief. *See, e.g.*, *Dickson v. Fhuere*, 316 Or App 62, 66-67, 501 P3d 1072 (2021) (remedy for criminal defense counsel's failure to adequately protect appeal rights is delayed appeal). Defendant appeals a judgment of conviction for multiple sexual offenses committed against two children. He assigns error to the trial court's denial of his motion to strike an officer's testimony regarding defendant's failure to deny the victims' allegations of inappropriate touching when the officer first informed defendant of them. We affirm because defendant's motion to strike did not preserve the evidentiary challenges he raises on appeal.

As noted, this appeal comes to us in a somewhat unusual posture, having arisen out of the grant of post-conviction relief to petitioner.[1] Because defendant's contentions on appeal rely in part on the positions taken by the parties in the post-conviction proceedings, we discuss facts from the post-conviction proceeding as needed to provide context for those arguments. The facts relevant to the issue before us are not disputed.

Defendant was charged with multiple sex offenses against two children. At trial, the arresting officer testified that defendant did not deny any allegations against him prior to his arrest, something that was, in the officer's words, "important" to him. Defendant, through counsel, objected to the testimony and moved to strike, saying, "We just spoke about that. I don't think that's proper to—the officers make that conclusion, and I'd ask to strike that."[2] The court denied the motion to strike and the witness proceeded to comment several times on the fact that defendant did not deny the

---

[1] Although the post-conviction court granted defendant relief based on his lawyer's failure to follow through with an appeal and awarded this delayed appeal as a remedy, the court denied relief on defendant's claims that, if successful, would have resulted in a new trial. Defendant appealed the post-conviction judgment; that appeal, *Brunkal v. Cain*, A175409, has been abated pending the outcome of this appeal.

[2] On the record before us, it is unclear what counsel was referring to when stating "We just spoke about that." The motion to strike followed a discussion outside the presence of the jury—but on the record—about the timing of the delivery of the *Miranda* warnings. That sidebar discussion did not address the issue of the admissibility of evidence that defendant did not deny the allegations.

allegations. Defense counsel made no additional objections to the testimony and the matter was not discussed further.

After defendant was convicted, his lawyer, who represented defendant at trial, started an appeal for defendant but then abandoned the appeal. Defendant's lawyer did not inform defendant that he was abandoning the appeal. As a result, we dismissed the appeal for failure to file briefing and defendant lost the opportunity to pursue an appeal.

Defendant then petitioned for post-conviction relief. Among other grounds for relief, he alleged that his lawyer rendered inadequate and ineffective assistance of counsel, in violation of Article I, section 11, of the Oregon Constitution, and the Sixth and Fourteenth Amendments to the United States Constitution, by abandoning the appeal. In response to that ground for relief, the state conceded that counsel was inadequate for abandoning the appeal. In the state's view, trial counsel had preserved an OEC 403 objection to the officer's testimony that defendant's failure to deny the allegations was significant, making the abandonment of the appeal unreasonable. The post-conviction court granted relief and awarded defendant a delayed appeal. The court reasoned:

> "Trial counsel admits he simply did not pursue the appeal he started for [defendant] and did not inform him that he had abandoned it. He testified he did this as he saw no viable issues for appeal. [Defendant] was not afforded the opportunity to file an *Anders* brief,[3] and, in any event, there appears to be a viable claim for appeal regarding the Court's handling of testimony regarding [defendant's] pretrial silence and the issues raised in regarding concurrence, any other preserved issues and any plain error. Trial Counsel was deficient in his handling of the appeal.
>
> "For all allowed claims, the following relief is granted: [Defendant] is allowed to file an untimely appeal."

---

[3] *See Anders v. California*, 386 US 738, 744, 87 S Ct 1396, 18 L Ed 2d 493 (1967) (addressing procedures to be followed when appointed counsel determines that there are no meritorious issues for appeal in a criminal case, including process for submitting a brief explaining anything in the record that might arguably support an appeal); *see also State v. Balfour*, 311 Or 434, 451-54, 814 P2d 1069 (1991) (same, but addressing Oregon procedures, including process for defendant to submit a brief *pro se*).

As authorized by the post-conviction court's order, defendant initiated this delayed appeal. He assigns error to the denial of his motion to strike. He argues that the officer's testimony about his nondenial was inadmissible hearsay because the state failed to establish that the nondenial was an adoptive admission (there is no evidence that his silence indicated that he agreed with the officer's accusation); even if it was admissible under the hearsay rules it was more prejudicial than probative under OEC 403; and even if admissible under rules of evidence, admission of that testimony violated defendant's state and federal constitutional right to remain silent. The state responds that none but defendant's OEC 403 contention is preserved. As for the OEC 403 contention, the state notes that it concedes preservation to remain consistent with its position in the post-conviction proceeding that petitioner's objection preserved an OEC 403 objection. It urges us, however, to independently analyze the question of preservation.

Notwithstanding the state's partial concession, we have an "independent obligation to determine whether an argument advanced on appeal was preserved at trial." *Vokoun v. City of Lake Oswego*, 189 Or App 499, 508, 76 P3d 677 (2003), *rev den*, 336 Or 406 (2004) (citing *State v. Wyatt*, 331 Or 335, 344-46, 15 P3d 22 (2000)). To preserve a claim of error, an appellant must provide the trial court with an explanation of his objection that is specific enough to afford the court an opportunity to analyze any alleged error. *Wyatt*, 331 Or at 343. Generally, an issue not preserved in the trial court will not be considered on appeal. *Ailes v. Portland Meadows, Inc.*, 312 Or 376, 380, 823 P2d 956 (1991); *State v. Abel*, 241 Or 465, 467, 406 P2d 902 (1965); ORAP 5.45(4).

Defendant argues that the issues are preserved. He bases that argument on his motion to strike and on the state's concession in the post-conviction proceedings that defendant had preserved the OEC 403 challenge. We address each argument.

With respect to the motion to strike, defendant's objection—"I don't think that's proper to—the officers make that conclusion"—did not provide the trial court with an explanation that was specific enough to afford the court an

opportunity to analyze the different alleged errors he raises to us. *Wyatt*, 331 Or at 343. By its terms, his objection below appeared to challenge the propriety of the officer drawing a conclusion from defendant's denial. The objection did not on its face suggest that the admission of the denial was problematic for any reason, let alone the reasons identified now on appeal. Accordingly, that objection did not preserve the issues that defendant now asks us to decide.

As for the state's concession in the post-conviction proceedings, we conclude that it also did not preserve defendant's appellate challenges, including the OEC 403 issue that the state conceded was preserved. We do so for two reasons.

First, as noted, a concession does not take the issue of preservation off of the table, given our "independent obligation to determine whether an argument advanced on appeal was preserved at trial." *Vokoun*, 189 Or App at 508. In other words, the issue of preservation is not one that can be resolved by agreement or acquiescence of litigants; it is an issue that must be resolved by the court, without deference to a litigant's waiver of the issue or concession on the point. *State v. Taylor*, 323 Or App 422, 426-27, 427 n 3, 523 P3d 696 (2022); *West Hills Development Co. v. Doughman*, 294 Or App 274, 282 n 3, 432 P3d 292 (2018); *Harrison v. Hall*, 211 Or App 697, 701, 156 P3d 141, *rev den*, 343 Or 159 (2007).

Second, we do not understand the post-conviction court's grant of relief to have rested on the state's concession. The court's ruling focused on the fact that by abandoning the appeal without informing defendant, defendant "was not afforded the opportunity to file an *Anders* brief[.]" That focus on the procedural deprivation suffered by defendant is consistent with our case law addressing claims where counsel's inadequacy has resulted in a defendant being completely deprived of an appeal, which does not require an assessment of the merits of any potential appellate issue. "[W]hen a post-conviction petitioner establishes that [defense counsel] inadequately failed to protect the petitioner's right to appeal, the petitioner generally is entitled to post-conviction relief in the form of a delayed appeal of the

underlying criminal conviction—*without* having to establish any meritorious claim of error to raise in that appeal." *Lambert v. Premo*, 274 Or App 380, 385-86, 360 P3d 720 (2015) (emphasis in original).[4] Although the court noted in its ruling that "there appears to be a viable claim for appeal" related to defendant's "pretrial silence" and other issues, the court's analysis does not suggest that the state's concession regarding preservation played a role in that analysis.[5] Said differently, we do not read the post-conviction court's grant of relief to determine what issues were properly preserved for appeal; we understand the ruling simply to grant defendant a delayed appeal to remedy the complete deprivation of an appeal, including the deprivation of the opportunity to submit a *Balfour* brief, resulting from counsel's inadequacy in abandoning the appeal without communicating with defendant.

For the foregoing reasons, the issues that defendant has raised on appeal were not preserved. ORAP 5.45(4). Defendant does not request plain error review in this case, and we therefore do not undertake that analysis. *See State v. Ardizzone*, 270 Or App 666, 673, 349 P3d 597, *rev den*, 358 Or 145 (2015); ORAP 5.45(1). Accordingly, we affirm.

Affirmed.

---

[4] Although *Lambert* and similar cases typically have involved the situation where counsel has failed to file a notice of appeal, the situation here—in which counsel filed a notice of appeal but abandoned the appeal without communicating with defendant—is functionally indistinguishable.

[5] Because we do not understand the post-conviction court's ruling to rest on the state's merits concession, we do not address how, if at all, a post-conviction court's reliance on a concession to grant post-conviction relief might bear on the criminal proceedings following a grant of post-conviction relief.