***This is a nonprecedential memorandum opinion pursuant to ORAP 10.30 and may not be cited except as provided in ORAP 10.30(1).***

Argued and submitted March 1, affirmed April 5, petition for review denied July 20, 2023 (371 Or 308)

KENNETH WAYNE JONES,
*Petitioner-Appellant,*

*v.*

Garrett LANEY,
Superintendent,
Oregon State Correctional Institution,
*Defendant-Respondent.*

Marion County Circuit Court
19CV02577; A175123

Patricia A. Sullivan, Senior Judge.

Margaret V. Huntington argued the cause for appellant. Also on the briefs was O'Connor Weber LLC.

Rebecca M. Auten, Assistant Attorney General, argued the cause for respondent. Also on the brief were Ellen F. Rosenblum, Attorney General, and Benjamin Gutman, Solicitor General.

Before Shorr, Presiding Judge, and Pagán, Judge, and DeVore, Senior Judge.

DeVORE, S. J.

Affirmed.

**DeVORE, S. J.**

Petitioner appeals from a judgment denying post-conviction relief as time-barred under ORS 138.510(3) and, alternatively, denying the petitioner's claim as unpersuasive on the merits. Before the post-conviction court, petitioner alleged and argued that his trial counsel was inadequate for initiating and disclosing a psychosexual report at sentencing. Before us, petitioner assigns error, arguing that, although disclosure of the report could have been a reasonable strategy, trial counsel was inadequate in the sentencing hearing for failing to refer to and argue based on favorable statements in the report. Without addressing the post-conviction court's ruling on the merits, we conclude that petitioner failed to present below and preserve for review the issue proffered on appeal. We affirm.

We review post-conviction proceedings for errors of law, and we accept the factual findings of the post-conviction court that are supported by evidence in the record. *Green v. Franke*, 357 Or 301, 312, 350 P3d 188 (2015).

In June 2009, petitioner was indicted on four counts of first-degree sodomy committed against his younger brother when petitioner was 15 to 17 years old. In December 2009, petitioner filed a plea petition, admitting guilt and agreeing to open sentencing. He was aware that the minimum sentence on each count was 100 months, or 400 months if four minimum sentences were ordered to be served consecutively. With little to argue about the circumstances of the offenses, petitioner's trial counsel sought to persuade the prosecutor to recommend, or the court to impose, a single set of concurrent 100-month sentences, rather than the 200-month sentence that the prosecutor intended to recommend.

To that end, trial counsel engaged Dr. William Davis to undertake a psychosexual evaluation to determine if petitioner was amenable to treatment. Davis noted that petitioner was himself the victim of sexual abuse as a young child. Davis reported that petitioner suffered sadistic sexual fantasies giving clinical concern and had a mood disorder, mild thought disorder, and auditory hallucinations. Davis concluded that petitioner presented a high risk of sexual reoffending. Davis, however, opined that petitioner had a

few years left in which he may be able to respond to treatment and, if he cooperated, he may benefit from treatment and reduce the risk of reoffending.

Much later, in the post-conviction trial, petitioner's trial counsel was asked to reflect on why he did not "basically just bury the report." He explained that, although the report contained unfavorable information, the report also indicated that petitioner was amenable to treatment and it gave petitioner "something to argue."

Trial counsel provided the report to the prosecution and, at sentencing, to the court. The prosecutor was not persuaded by the report to reduce the recommendation of a 200-month sentence.

At sentencing, trial counsel urged the court not to "discard this person" who was just a juvenile. He argued that petitioner would get sex-offender counseling while in custody of the Oregon Youth Authority, but he would not get such counseling with a longer sentence to be served in prison when he reached age 25. He pleaded for the court to "give (petitioner) a chance," reiterating that 100 months was not a light sentence. Trial counsel did not make reference to the psychosexual evaluation or to its statement that petitioner was amenable to treatment if cooperative.

The sentencing court, nonetheless, was cognizant of the Davis report and the potential reflected by petitioner's age. The court acknowledged that petitioner was "a very young man" with "a lot of years ahead of him" and that the "goal" is to give people "an opportunity to be productive citizens." The court described the potential choice between a collective, minimum sentence of 100 months or 400 months as two extremes—with 400 months being "very hard to understand" for "a gentleman this young." The court observed that the psychosexual report noted petitioner's reluctance to be fully forthcoming and indicated that he had a high risk of reoffending. The court chose to impose a sentence "in the middle" of 200 months.

Petitioner did not appeal his conviction in December 2009. In January 2019, petitioner filed a petition for post-conviction relief on three claims, asserting a variety of

grounds. He later amended his petition to allege instead a single claim on grounds of ineffective and inadequate performance of counsel. Petitioner's supporting declaration explained that, after reviewing the trial file and the Davis report, he concluded that a competent lawyer would have concluded that the Davis report made petitioner out to be an extremely dangerous, mentally ill, and sexually sadistic psychopath and that trial counsel was "incompetent" due to his "disclosure of Dr. Davis' psychosexual evaluation." Petitioner stated that he had "directed [post-conviction counsel] to amend [the] petition to raise and present this claim on [his] behalf."

Accordingly, the amended petition for post-conviction relief contained a single claim that alleged ineffective and inadequate performance of trial counsel. In particular, petitioner alleged that competent counsel would not have disclosed to the prosecution and court his intent to initiate a psychosexual evaluation because he should have known that it could be unfavorable, that competent counsel would have recognized that the Davis report contained extremely damaging information, and that trial counsel nevertheless "disclosed" the Davis report to the prosecutor and to the court.

Petitioner's trial memorandum left little doubt about the meaning of his allegations. Petitioner wrote:

> "After [trial counsel] obtained that evaluation, he decided to disclose that report to both the prosecutor and the sentencing judge. Based on the contents of Dr. Davis' report, no competent lawyer exercising reasonable professional skill and judgment during representation of petitioner would disclose Dr. Davis' report to the prosecutor or the judge believing it would support a 100-month term of imprisonment or, for that matter, any sentence lower than that requested by the prosecution."

The memorandum minimizes the report's statement about petitioner's amenability to treatment, contending that the favorable statement was so qualified by a list of conditions as to make his amenability to treatment seem "highly unlikely." Relatedly, the memo states that "[i]t is significant that [trial counsel] never once relies on any aspect of Dr. Davis' report to support his request for a 100-month

sentence." The memo's observation is used to support petitioner's allegation of error on appeal. Petitioner reiterated:

> "No competent attorney representing petitioner would ever turn Dr. Davis' psychosexual evaluation report over to the prosecution and court because it completely fails to provide any basis to justify the minimum available [100-month] sentence."

In closing argument to the court, post-conviction counsel similarly argued:

> "[F]or a reason which is inexplicable *** [trial counsel] turned over a psychosexual evaluation, which I would submit is probably one of the worst I've seen in all the years I've been practicing post-conviction law and it had almost nothing whatsoever positive to say on behalf of [petitioner]."

As in the trial memorandum, post-conviction counsel supported the point, arguing:

> "What is, I guess telling is [trial counsel] in his argument for a 100-month sentence doesn't make a reference to the report a single time, and not surprisingly *since it's not at all helpful.*"

(Emphasis added.) In that argument, post-conviction counsel suggested that trial counsel's silence showed that trial counsel recognized that the report was almost entirely unfavorable.

Consistent with the way in which petitioner framed his claim, the post-conviction court saw the question as a matter of disclosure. In its judgment, the court concluded:

> "With regard to the merits of the underlying claim, Petitioner has failed to prove his trial counsel was deficient in disclosing his psycho-sexual evaluation to the State and opposing counsel. The report was largely unfavorable to Petitioner but was the only basis for trial counsel to argue to the District Attorney and the Court [for a more favorable sentence]."

As noted at the outset, the post-conviction court had first rejected plaintiff's petition as untimely, and, alternatively, the court rejected the disclosure claim on its merits, because providing the report was a defensible strategy choice to show a youth's potential for treatment.

On appeal, petitioner presents a different question on the merits. He now concedes that trial counsel would have been reasonable to disclose the evaluation in order to use its statement on petitioner's amenability to treatment, but he argues that trial counsel's error was his failure to refer to the evaluation and its qualified statement about treatment. Petitioner admits that he "did not allege in his petition that trial counsel was ineffective for failing to reasonably execute his strategy of using the evaluation to argue for a 100-month sentence." But he contends, despite his pleading and memorandum criticizing *disclosure*, that he presented the argument about the inadequate *use* of the report in the last moments of his argument at the post-conviction trial.

We disagree. We quote the last moments of post-conviction counsel's argument to reflect the context of his mention of trial counsel's failure to refer to or use the report in argument. Post-conviction counsel concluded:

> "And again, I would—I would argue and point out that there was no meaningful weighing of the risks and benefits that took place here because[,] if there was, the risks so far outweighed the benefits that *competent counsel would not have submitted this report*. And then as we can see from the transcripts[,] the report wasn't argued as a basis—any aspect of the report wasn't argued as a basis for the 100-month sentence."

(Emphasis added.) Here, as before, post-conviction counsel referred to trial counsel's failure to mention the report as an unspoken recognition that the report was nothing but bad news. The argument about trial counsel's failure to mention the report was made to support the allegation that trial counsel should not have disclosed the report.

In sum, petitioner did not plead in his allegations, did not argue in his trial memorandum, did not try by consent, and did not argue to the post-conviction court that his trial counsel had been inadequate for failure to refer to the report in order to argue its qualified but favorable statement about petitioner's amenability to treatment. Because he did not present that argument, the post-conviction court was not given the opportunity to consider the issue now raised on appeal.

Appellate rule dictates, "No matter claimed as error will be considered on appeal unless the claimed error was preserved in the lower court[.]" ORAP 5.45(1). "Preservation principles apply in the context of post-conviction relief and, as a general rule, arguments not made to the post-conviction court in support of a claim will not be considered on appeal." *Hale v. Belleque*, 255 Or App 653, 660, 298 P3d 596, *adh'd to on recons*, 258 Or App 587, 312 P3d 533, *rev den*, 354 Or 597 (2013). Because petitioner's argument on appeal is qualitatively different from his argument to the post-conviction court, he did not preserve the perceived error for review on appeal. *See Field v. Coursey*, 264 Or App 724, 730-31, 333 P3d 340 (2014) (finding arguments on appeal were not preserved where they were qualitatively different than those made to the post-conviction court). Therefore, we affirm.

Affirmed.