No. 228 March 19, 2025 35

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

In the Matter of D. W. N.,
a Youth.

STATE OF OREGON,
*Respondent,*

*v.*

D. W. N.,
*Appellant.*

Jackson County Circuit Court
19JU09536; A181687

Timothy C. Gerking, Judge.

Submitted February 7, 2025.

Jedediah Peterson and Equal Justice Law filed the briefs for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Adam Holbrook, Assistant Attorney General, filed the brief for respondent.

Before Tookey, Presiding Judge, Kamins, Judge, and Jacquot, Judge.

TOOKEY, P. J.

Affirmed.

**TOOKEY, P. J.**

Youth appeals a juvenile court order denying his petition to dismiss jurisdiction. In his petition, youth sought post-adjudication relief, under both the state and federal constitutions, on a claim under ORS 419C.615(1)(a)[1] that his trial counsel was constitutionally inadequate and ineffective in failing to move to suppress statements that youth made to police, and that, had those statements been suppressed, he would not have admitted to conduct that, if committed by an adult, would constitute one count of second-degree sexual abuse, ORS 163.425, and one count of strangulation, ORS 163.187.

On appeal, youth raises one assignment of error, in which he contends that the juvenile court erred in denying his petition to dismiss jurisdiction, as trial counsel was inadequate and ineffective in failing to file a motion to suppress youth's statements to police. Accepting the juvenile court's supported implicit and explicit factual findings and reviewing for legal error, *State v. C. L. E.*, 316 Or App 5, 6, 502 P3d 1154 (2021), we affirm.

In evaluating whether youth was entitled to post-adjudication relief under ORS 419C.615(1)(a), "we apply the constitutional standards for inadequate and ineffective assistance of counsel that have been developed at the state and federal level in the context of post-conviction and habeas corpus relief." *State v. J. J.-M.*, 282 Or App 459, 463, 387 P3d 426 (2016). To prevail on a claim of inadequate and ineffective assistance of counsel under those constitutional standards, youth must have proved both a performance and a prejudice prong. *Id.* at 464; *see also Johnson v. Premo*, 315 Or App 1, 8, 499 P3d 814 (2021) (stating the "functionally equivalent" standards for inadequate and ineffective assistance of counsel under the state and federal constitutions).

_____

[1] ORS 419C.615 provides, as relevant:

"(1)  In addition to any other grounds upon which a person may petition a court under ORS 419C.610, a person may petition the court on the following grounds to set aside an order finding the person to be within the jurisdiction of the court under ORS 419C.005:

"(a) A substantial denial in the proceedings resulting in the person's adjudication, or in the appellate review of the adjudication, of the person's rights under the United States Constitution or the Oregon Constitution, or both, and the denial rendered the adjudication void[.]"

Youth argues that the juvenile court erred when it denied youth relief on his claim of inadequate and ineffective assistance of counsel. As youth sees it, his trial counsel's performance was deficient because youth "had a meritorious argument that his statements [to police] should have been suppressed" but trial counsel "did not see a suppression issue." The state responds that "youth failed to prove that his attorney performed deficiently by pursuing an early, favorable resolution rather than filing a motion to suppress" or that "the alleged deficient performance resulted in prejudice." We address each prong—the performance prong and the prejudice prong—in turn.

Regarding the performance prong, it was youth's burden to prove that "'counsel's decision reflects an absence of professional skill and judgment, a question that turns on the facts known at the time that counsel made that decision.'" *C. L. E.*, 316 Or App at 10 (quoting *Davis v. Kelly*, 303 Or App 253, 262, 461 P3d 1043, *rev den*, 366 Or 826 (2020)).

Applying that standard here, the record reflects that trial counsel's decision not to pursue suppression of youth's statements to police did not reflect an absence of professional skill and judgment. Youth's trial counsel testified at the hearing on the petition to set aside jurisdiction that she had viewed the evidence of the police interrogation of youth and opined that it "looked like a revocation of any invoking of his right to remain silent." That is, suppression of youth's statements was unlikely to be successful, because, although youth invoked his right to remain silent, he subsequently spoke to police after receiving *Miranda* warnings, and he was also evaluated by a doctor who concluded that there were no concerns regarding youth's ability to understand his *Miranda* rights. *See State v. McAnulty*, 356 Or 432, 458, 338 P3d 653 (2014) (explaining that when a suspect has invoked their right to remain silent, "police may reinitiate contact after a reasonable time, provide new *Miranda* warnings, and obtain a valid waiver"). We do not understand this to be a case where youth's trial counsel simply failed to "see" a meritorious legal issue, as youth contends.

Further, trial counsel's testimony reflects that other factors in youth's case bore on trial counsel's decision not to

pursue suppression, including that the state would revoke its plea offer on the filing of that motion and might charge youth as an adult; that a successful motion would likely lead to a trial on the more serious charge of first-degree rape; that the victim was "adamant" about the case going to trial; that the state would still have the victim's statements as evidence even if youth's statements were suppressed; and that youth would not be able to testify even if his statements were suppressed to avoid "opening the door" to admission of those suppressed statements. In addition, an affidavit submitted by the prosecutor in youth's case averred that, had the trial court "entertained a suppression of [youth's statements to police], the [plea] offer would have been immediately revoked and the state would have proceeded to trial on all the allegations in the original petition." The prosecutor further averred that, had a motion to suppress been granted, "the state would have absolutely proceeded to trial without youth's statements[,]" because the remaining evidence, in the prosecutor's view, "would have been sufficiently compelling to prove the allegations beyond a reasonable doubt."

Thus, we conclude that trial counsel's decision not to pursue suppression of youth's statements was not deficient because it was a strategic decision and a reasonable exercise of professional skill and judgment in response to the circumstances. *See, e.g.*, *Gorham v. Thompson*, 332 Or 560, 567, 34 P3d 161 (2001) (explaining that "a reviewing court will not second-guess a lawyer's tactical decisions in the name of the constitution unless those decisions reflect an absence or suspension of professional skill and judgment").

But even if that trial counsel's performance was deficient, we conclude that there was no prejudice. Under the prejudice prong, we "focus[] on whether trial counsel's constitutionally inadequate performance affected the outcome of the plea process" in cases such as this one "where the adjudication is based on a plea." *C. L. E.*, 316 Or App at 16. To establish prejudice, youth was required to "show that but for the inadequate and ineffective assistance, he would have pleaded differently." *Id.*

The evidence that youth offered to prove prejudice is his written declaration in which he attests that, had trial

counsel moved to suppress his statements, he "would not have accepted the plea agreement" and "would not have entered admissions[.]" However, the juvenile court was permitted to make a determination that youth was not credible. Consequently, we conclude that youth did not prove that he was prejudiced by trial counsel's failure to move to suppress his statements.[2]

Affirmed.

---

[2] The juvenile court did not explain its reason for denying youth's petition; that is, it did not indicate whether the denial was based on a determination that youth had failed to meet the performance prong of his claim, the prejudice prong of his claim, or both.

Youth contends that "because the trial court could have denied relief without reaching the issue of prejudice, this court should reverse and remand for the court to consider youth's evidence [regarding prejudice] in the first instance."

For this court to perform its review function, it is helpful when a lower court explains the basis for its ruling. As the Supreme Court stated in *Datt v. Hill*, 347 Or 672, 684, 227 P3d 714 (2010), "[i]t is a truism, and an important one, that a post-conviction trial court can be of great assistance to appellate courts by making findings of historical facts and explaining how its conclusions derive from those findings." That is, "[a]n understanding of how a post-conviction trial court actually, rather than presumptively, arrived at its decision enhances the effectiveness of appellate review." *Id.* at 685; *see also Pereida-Alba v. Coursey*, 356 Or 654, 670-71, 342 P3d 70 (2015) (noting that "we presume that a trial court implicitly resolves factual disputes consistently with its ultimate conclusion" but that "[i]f an implicit factual finding is not necessary to a trial court's ultimate conclusion ***, then the presumption does not apply"). We think the important "truism" that the Supreme Court observed in *Datt* applies equally to a claim for post-adjudication relief under ORS 419C.615(1)(a)—the kind of claim at issue in this appeal—as it does to a claim seeking relief under the Post-Conviction Hearings Act—the kind of claim at issue in *Datt*.

In any event, for purposes of our analysis, we have assumed that the juvenile court denied youth's motion on either the performance prong, the prejudice prong, or both; and, as set forth above, the record was sufficient for the juvenile court to have denied youth's motion on either (or both) of those bases. Remand for the juvenile court to address the prejudice prong in the first instance is unnecessary. *Cf. Dickerson v. Fhuere*, 316 Or App 62, 67, 501 P3d 1072 (2021) (reversing and remanding "because the post-conviction court's decision was based on an error of law and, as a result of that error, the court never made the factual determinations necessary to allow for resolution of petitioner's claim under the correct legal standard").